## PARKER v. TRANSCONTINENTAL & WESTERN AIR, Inc.

### No. 1700.

District Court, W. D. Missouri, W. D.

Nov. 15, 1944.

See, also, 55 F.Supp. 240.

John W. Hudson, of Kansas City, Mo., for plaintiff.

Bert E. Church, Tom J. Stubbs, and Spurgeon L. Smithson, all of Kansas City, Mo., for defendant.

REEVES, District Judge.

A recital of the averments of the complaint is necessary for a clear understanding of the motion for a more definite statement and the ruling that should be made thereon. In substance it is alleged in the complaint that the deceased, (husband of plaintiff, whose death occurred on November 30, 1942) was an employee of the defendant, and that, as such employee, he was engaged in maintaining and operating certain airlines. This involved flights of airplanes and the supervision of pilots and personnel. Said employee was paid for his services rendered outside continental United States at the rate of $1,100 per month. The contract of employment set out by plaintiff in haec verba provided for compensation in case of injury or death, and continued, "in event the injury to employee resulting in disability or death occurs at or about the place where employee's services are being rendered or during transportation to or from such place, such injury shall be presumed to have arisen out of and in the course of employment whether employee then actually was so engaged, provided, that no benefit shall be payable if the injury or death was occasioned solely by the intoxication of the employee."

With this contract as a basis the plaintiff alleged: "That while said contract was in full force and effect, plaintiff's said husband, 'at or about' the place where his said services were being rendered, received an injury resulting in her said husband's death on the date aforesaid."

These words, " 'at or about the' the place" were repeated several times in the complaint.

The motion for a more definite statement seeks to have the plaintiff amend her complaint by inserting the following as particulars:

"1. By stating the date when it is claimed plaintiff's husband was injured.

"2. By stating the place where plaintiff's husband was at the time of such alleged injury.

"3. By stating how plaintiff's husband was injured.

"4. By stating whether such alleged injury was accidental and how connected with his employment, if so.

"5. By describing the alleged injury which it is claimed resulted in the death of plaintiff's husband."

■ 1. There is slight difference between a motion for a bill of particulars and a motion to make more definite and certain. Oftentimes these motions are used interchangeably. The instant case is rather, if not wholly, for a bill of particulars and is not a motion to make the petition more definite and certain. A motion to make a pleading more definite and certain will not lie "where the allegations of the pleading against which it is directed are adjudged sufficiently definite, certain, or specific to inform the opposing party of the nature of the cause of action or defense." It only lies where the averment is ambiguous, vague or uncertain. See Sections 1030, 1031, 1036, 49 C.J., pages 727, 731, 737. Clearly there is no ambiguity in this complaint.

2. Since this motion is in its nature a demand for a bill of particulars it is interesting to note that the courts have practically nullified the use of such a motion in our procedure. They have done this for the reason that the discovery rules are ample for all practical purposes. In fact, the amendments now proposed to the new rules entirely eliminate the provision for a bill of particulars.

In Best Foods v. General Mills, 3 F.R.D. 275, Judge Leahy for the Delaware District Court said in substance that greater emphasis should not be placed upon Rule 12(e) than Rule 8(e), 28 U.S.C.A. following section 723c. The latter rule requires each averment of the pleading to be "simple, concise, and direct." Overemphasis upon the rule for a bill of particulars would have the effect to nullify Rule 8(e). It was for this reason that the Committee proposes to eliminate the motion for a more particular statement in the complaint. The same ruling was in effect made by this court in Walling v. Alabama Pipe Co., D. C., 3 F.R.D. 159.

3. In support of its motion for a more definite statement the defendant has filed an affidavit wherein the facts with respect to the death of plaintiff's husband are detailed. These are purely defensive facts and show no grounds for a more definite statement. Moreover, the affidavit submitted indicates that the defendant is familiar with the circumstances attending the death of its said employee and in consequence does not need the information sought by its motion.

■ 4. The motion of the plaintiff for a default judgment should be overruled. The motion of the defendant to stay proceedings was not a motion contemplated by the rules. The defendant sought to stay all proceedings in this court on grounds which, if valid, would have postponed all proceedings in the case. When cast in its effort to have the proceedings stayed it then for the first time became the duty of the defendant to file motions or other pleadings in the case. It filed a motion for a more definite statement and, now being overruled, it should answer within twenty days.

The motion to stay was not a defense or an objection to the complaint as contemplated by Rule 12.