No. 18,443.

ROBERT H. LOWEN *v.* J. P. HILTON, ET AL., AND MURIEL STOKES LOWEN, AS EXECUTRIX OF THE ESTATE OF CHARLES J. LOWEN.
(351 P. [2d] 881)

Decided March 21, 1960.   Rehearing denied May 23, 1960.

Mr. EDWARD B. ALMON, Mr. CHARLES A. MURDOCK, for plaintiff in error.

Mr. DARWIN D. COIT, for defendant in error J. P. Hilton.

Mr. RICHARD H. SHAW, for defendants in error Charles J. Lowen and Muriel Stokes Lowen, as Executrix of the Estate of Charles J. Lowen.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THIS action was commenced by Robert H. Lowen, hereinafter referred to as Robert, to recover damages alleged to have been sustained by him resulting from "malicious prosecution" by the defendants.

The defendant, Charles J. Lowen, brother of Robert, died before the action was tried, and the executrix of his estate was thereupon substituted as a party.

It is alleged that defendant Hilton is "a doctor of medicine and a psychiatrist" and that Hilton sent a letter to the judge of the county court of the City and County of Denver requesting that a "Hold and Treat Order" be entered authorizing the confinement of Robert in Mount

Airy Sanitarium pursuant to the provision of C.R.S. '53, 71-1-3.

It is further alleged by Robert that his brother Charles signed the verified petition upon which the trial court issued the order resulting in Robert's confinement, which petition contained the allegation that Robert had a "thinking disorder, paranoid in nature." The "Hold and Treat Order" was issued June 7, 1954. June 15, 1954, on motion of Robert, the county court entered an order discharging him from custody. The said order reads as follows:

"This matter coming on to be heard this 15th day of June, 1954, on the motion of the respondent, the Court having examined the file, and the evidence herein, and being now fully advised in the premises

DOTH FIND:

That the respondent herein, Robert Lowen, is not insane, distracted in his mind, nor feeble minded;

That he is capable of properly managing and taking care of himself and his property without assistance;

That it is not necessary for said respondent to be confined and it would be for his best interest that he be discharged.

WHEREFORE, IT IS ORDERED:

That the respondent be discharged.

/s/   David Brofman
Judge."

The complaint contains lengthy allegations relating to a conspiracy among the defendants to institute the lunacy proceeding without probable cause, maliciously to bring about the adjudication of Robert as a lunatic; that in so doing defendants "were guilty of a wanton disregard of the rights of this plaintiff."

The defendants filed separate motions to dismiss, each of which was granted by the trial court. To review the judgment of dismissal the plaintiff is here on writ of error.

Among the questions raised by the motions to dismiss is the contention that the statute of limitations prevents recovery for the reason that the action being for false imprisonment is barred by the one-year statute, C.R.S. '53, 87-1-2. As to defendant Hilton, it is contended that the action is barred by the two-year statute C.R.S. '53, 87-1-6 concerning actions against those engaged in the practice of healing arts.

There is no merit to these contentions. This action is not one for false arrest, nor for recovery of damages resulting from treatment of one engaged in the practice of medicine within the coverage of C.R.S. '53, 87-1-6.

It is clear that the point upon which the trial court entered the judgment arises under that portion of the statute C.R.S. '53, 71-1-3 (3) which provides in part as follows:

"* * *. Such order of the court (the order of June 7, 1954, to hold and treat Robert) shall be a complete protection for the confinement, examination, diagnosis, observation and treatment of such patient as against all persons."

Question to be Determined.

*Does the statute above quoted compel dismissal of a complaint for malicious prosecution in which the plaintiff alleges the existence of a conspiracy among the defendants to prosecute him as an insane person without probable cause, and that the petition for the entry of a "hold and treat" order and the accompanying letter of a doctor were signed maliciously and in wanton disregard of the rights of plaintiff?*

The question is answered in the negative.

For purposes of the motion to dismiss, all facts alleged in the complaint must be assumed to be true. We are satisfied that it was not the intention of the legislature to leave a person without a remedy of any kind who admittedly has been subjected to the grievous

wrongs here alleged to have been committed by the defendants.

The purpose of the statute relied on for dismissal is to protect those persons who, following the entry of the "hold and treat" order, have the responsibility pursuant to said order "for the confinement, examination, diagnosis, observation and treatment of such patient."

■ A person who admittedly has been maliciously wronged by persons who conspire to prosecute him as an insane person without probable cause, cannot be deprived of a judicial remedy for the wrong. Had the legislature intended any such result, which we think it did not, the statute would be of doubtful validity when subjected to the test of Article II Section 6 of the Constitution of Colorado, which provides:

"Courts of justice shall be open to every person, and a speedy remedy afforded for every injury to person, property or character; and right and justice shall be administered without sale, denial or delay."

■ If the construction urged by counsel for defendants were to be given the statute in question, the above quoted provision of the constitution would be meaningless. Where an act of the legislature is susceptible of different constructions, one of which would offend against the constitution, it is our duty to give to it that construction which will avoid constitutional conflict.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.