No. 20,366.

MICHAEL M. SPROTT, BY HIS MOTHER AND NEXT FRIEND,
LOIS M. SPROTT, *v.* CLAUDE O. ROBERTS, M.D.

(390 P. [2d] 465)

Decided March 2, 1964.     Rehearing denied April 6, 1964.

Mr. KENNETH N. KRIPKE, for plaintiff in error.

Messrs. COIT and WALBERG, for defendant in error.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

MICHAEL SPROTT, age 5, by his mother and next friend,

Lois Sprott, filed a malpractice action against Claude O. Roberts, an anesthesiologist, and Philip P. Pyles, a dentist. Service of process was had only on Dr. Roberts.

The complaint in its first claim in substance alleged that Michael had been taken by his mother to Dr. Pyles for dental work, that Dr. Pyles engaged Dr. Roberts to administer an anesthetic. Also, that as a direct result of the negligence and carelessness of both doctors in administering the anesthetic Michael suffered serious brain damage and related disabilities. The second claim for relief alleged *res ipsa loquitur* and the third claim that the doctors had a duty to warn Mrs. Sprott of the possible danger to her son from the particular anesthetic used. $100,000.00 damages plus costs were sought as satisfaction for the alleged tort.

Dr. Roberts filed a motion to dismiss alleging that the complaint failed to state a claim. The court granted this motion and forthwith entered formal judgment on May 14, 1962. Within ten days after the entry of judgment of dismissal Michael filed his "Petition For Rehearing Or Motion For New Trial In The Alternative" *with the trial judge.* More than ten days after the judgment entered, to-wit on June 5, 1962, this combined petition and motion was denied and Michael seeks relief by writ of error.

The opening brief asserts that the first claim gives "fair notice" of the cause of action to the defendants and that is all that is required under Colo. R.C.P.; that the elements of *res ipsa loquitur* are sufficiently pleaded in the second claim; and, that the third claim describes a separate and distinct element of negligence, viz. breach of a duty to warn.

On the other hand, Dr. Roberts contends on this writ of error that all three counts fail to state claims upon which relief can be granted; and, that in addition the action of the trial court is not reviewable under R.C.P. Colo. 59 (f) because Michael's combined petition for rehearing and motion for new trial was not filed *with*

*the clerk of the trial court* within the ten day time required by R.C.P. Rule 59 (b).

We will discuss these matters in reverse order.

■ First, as to the place where the combined petition and motion was filed the record discloses that Michael's counsel filed this by mailing it to the trial judge well within the ten days but that the judge did not then note the time and date of filing and held up his ruling thereon until after the ten days had run; that only after he ruled did he file it with the clerk.

R.C.P. Rule 5 (e) requires filings to be with the clerk of the court but permits filing with the judge provided "he shall (then) note thereon the filing date and forthwith transmit them (i.e. the papers) to the office of the clerk."

Here Dr. Roberts would punish Michael for the failure of the judge to strictly adhere to the above rule. We find no merit in such a position in view of the fact that Michael's counsel acted in accordance with Rule 5 (e) when the judge permitted the motion to be filed with him. And, such a construction as urged is certainly contrary to the express intent of R.C.P. Rule 1 (a) that the rules " * * * shall be liberally construed to secure the just, speedy, and inexpensive determination of every action."

As to the propriety of the dismissal itself we have a different problem. No reasons were given by the trial court. Dr. Roberts' brief, however, points out that nowhere in the complaint is there a statement as to where the alleged tort was committed. He further asserts, among other grounds, that no duty is alleged to have been breached and no standards of care set forth; also, that *res ipsa loquitur* does not apply to medical suits; and, that no duty exists to warn about the possible effects of an anesthetic. We find no merit to any of these contentions except the one relating to the failure to allege the place of the occurrence of the alleged tort.

In connection with the place where the event took

place, Dr. Roberts cites R.C.P. Rule 9 (f) which reads:

"Time and Place. For the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter."

▮ Since this complaint on its face fails to make the material allegation of the *place where* the alleged tort was committed, the motion to dismiss was good. This does not mean, however, that the trial court's original judgment of dismissal *instanter* and for costs was properly entered as soon as the court made its Order of June 5, 1962, wherein it denied Michael's petition and motion. On the contrary, this is where error occurred.

The reason for this is that R.C.P. Rule 15 permits Amended and Supplemental Pleadings. Under this, Rule 15 (a) states in pertinent part:

"A party may amend his pleading once as a matter of course at any time before a responsive pleading is filed or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is filed. Otherwise, a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. * * * ."

As we view it the trial court could not enter its judgment of dismissal until Michael had had at least an opportunity to amend his complaint.

The judgment is reversed with directions to the trial court to vacate the judgment of dismissal and to grant to the parties leave and reasonable time to file new pleadings or amend as they may be advised.

MR. JUSTICE MOORE and MR. JUSTICE FRANTZ concur in the result.

MR. JUSTICE FRANTZ concurring in the result:

In his complaint, setting forth three claims for relief,

Michael Sprott, age 5, by his mother and next friend, sued Dr. Pyles, a dentist, and Dr. Roberts, an anesthesiologist, for damages resulting from alleged malpractice. Dr. Roberts, the only defendant served with process, appeared and filed a motion to dismiss on the ground that the complaint "fails to state a claim against this designated defendant upon which relief can be granted."

After a hearing on the motion to dismiss, the trial court granted it and forthwith entered a judgment of dismissal of the complaint as to Dr. Roberts. Sprott's "Petition for Rehearing or Motion for New Trial in the Alternative" was denied, instanter, and Sprott thereupon sued out writ of error.

The complaint is superficially and ineptly drawn, but it does, in my opinion, state a claim. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. (2d) 80. This expresses the recognized way to test the sufficiency of a claim, and it has been applied in a legion of cases in the lower federal courts. 1 A Barron and Holtzoff, Federal Practice and Procedure, 361, § 356.

Can it be said that beyond doubt plaintiff can prove no set of facts in support of his claim which would entitle him to relief? Deficiency of the claim, it is said, lies in the failure to allege the "place" where the act complained of occurred, all in violation of Rule 9 (f), R.C.P. Colo., which provides:

"For the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter."

Did Sprott allege the "place" at which the matter complained of occurred? If so, how was the "place" alleged? In substance, he stated that on April 6, 1960, he was taken by his mother to the office of Dr. Pyles

for some dental work and that on this occasion Dr. Pyles engaged Dr. Roberts to administer a general anesthetic to Sprott.

Such allegation would permit Sprott to introduce testimony to the effect that certain acts occurred at the office of Dr. Pyles, and he could further enlarge upon the place of the occurrence by stating where Dr. Pyles' office was located. Such testimony would meet the test of what constitutes a claim as laid down in *Conley v. Gibson,* supra.

This Court has stated in *Spomer v. Grand Junction,* 144 Colo. 207, 355 P. (2d) 960, in comparing the Rules of Civil Procedure with the former Code, that "the rule now is that pleadings are to be construed in favor of the pleader." It was further said by this Court in *Lowen v. Hilton,* 142 Colo. 200, 351 P. (2d) 881, "For purposes of the motion to dismiss, all facts alleged in the complaint must be assumed to be true." See *Gayton v. Dept. of Highways,* 149 Colo. 72, 367 P. (2d) 899.

If we assume as being true the allegation that the occurrence resulting in injury to Sprott took place in Pyles' office (a "place"), do we still hold that no claim has been stated because there exists some uncertainty as to the place geographically where the injury is alleged to have occurred?

By Rule 12 (e) a party is permitted to file a motion "for a more definite statement * * * of any matter which is not averred with sufficient definiteness or particularity to enable him properly to prepare his responsive pleading or, if no responsive pleading is permitted, to prepare for trial."

A claim which is vague, indefinite, or fails to adequately allege a material fact should not be dismissed on the theory that it fails to state a claim; rather, the party who desires more information should file a motion for a more definite statement. *Glus v. Brooklyn Eastern District Terminal,* 359 U.S. 231, 79 S.Ct. 760, 3 L. ed. (2d) 770; *Bowles v. Wheeler,* 152 F. (2d) 34; *Martin v.*

*Livingstone Securities Corp.,* 192 F. S. 862, 1 A Federal Practice and Procedure, Barron and Holtzoff 331, § 351.

In copying the Federal Rules of Civil Procedure, we adopted Rule 9 (b) requiring that averments of fraud be pled with particularity. The Supreme Court of the United States considered a claim in which fraud was charged superficially and with no particularity. The Court had this to say: "It may well be that petitioner's complaint as now drawn is too vague, but that is no ground for dismissing his action." *Glus v. Brooklyn Eastern District Terminal,* supra.

Among the last group of citations, we referred to the work of Barron and Holtzoff. At page 331, the authors admonish: "Thus a motion to dismiss will not be entertained for indefiniteness and lack of particularity of a pleading, but such defects may be corrected by a more definite statement if necessary to enable an adversary to prepare a responsive pleading."

If there is uncertainty, indefiniteness or vagueness in the allegation of the claim under consideration in regard to the place where it is alleged that Sprott was injured, a motion to dismiss on the ground that the count failed to state a claim was not well taken. Such deficiency should have been attacked by a motion for more definite statement, and the court, in its discretion, could then have required that the deficiency, if any, be corrected.

It has been suggested that the allegation of place in Sprott's claim was sufficient. There are federal cases which would indicate that such was the case. *Parker v. Transcontinental & Western Air,* 4 F.R.D. 325; *Marquardt-Glenn Corp. v. Lumelite Corp.,* 11 F.R.D. 175. See cases in footnote to § 363 beginning at page 437 of 1 A Federal Practice and Procedure, Barron and Holtzoff.

In the case of *Parker v. Transcontinental & Western Air,* supra, the Court held the following to be a suffi-

cient allegation of the place, and a motion to make more definite in regard to the allegation was denied:

" 'That while said contract was in full force and effect, plaintiff's said husband, "at or about" the place where his said services were being rendered, received an injury resulting in her said husband's death on the date aforesaid.' "

The term "place" has no magic meaning. It does relate to an area more restricted than a country or state. It has been held to refer to a particular space. Thus, a house is a place, *Great Atlantic & Pacific Tea Co. v. Richmond,* 183 Va. 931, 33 S.E. (2d) 795; one or more rooms in a building or an entire building are places, *State v. Brown,* 14 N.D. 529, 104 N.W. 1112. And very much to the point, an office is a place. *Great Atlantic & Pacific Tea Co. v. Richmond,* supra.

Considering the claim under any of the aspects set forth in this opinion, we should hold that a claim has been stated and that the rule requiring the place where an act occurred to be set forth has been satisfied. The motion to dismiss was improvidently granted, and the case should be reversed.

MR. JUSTICE MOORE authorizes me to state that he concurs in the views hereinabove expressed.

MR. JUSTICE MOORE concurring:

The majority opinion results in a reversal of the judgment of the trial court. I agree that it should be reversed, but I am in complete disagreement with the majority opinion insofar as it holds that the complaint fails to allege the "place where" the tort complained of took place. The complaint alleges specifically that the negligence took place on April 6, 1960, in the office of Dr. Philip P. Pyles (a named defendant and employer of defendant Roberts). I am at a loss to comprehend how it can be successfully contended that this allegation

fails to identify the "time when" and the "place where" the alleged negligence took place.

The majority opinion completely ignores a well known and long established principle that as against a demurrer (or motion to dismiss for failure to state a claim) it is unnecessary to allege with particularity things which are presumptively within the knowledge of the defendant, assuming the truth of the averments of the complaint. In the instant case the motion to dismiss for failure to state a claim assumes the truth of the allegation that on a day certain in the office of the employer of the defendant Roberts, defendants negligently treated the plaintiff to his damage. Under this allegation any further detail involved in the "place where" the tort was committed is presumptively within the knowledge of the defendants. Under our modern practice the requirement of "time and place" in the complaint in a tort action is to give notice to the defendant of the particular event upon which the plaintiff relies. In the instant case the complaint does exactly that.

It is possible that a motion to make more definite and certain, or for a bill of particulars, might be in order, but even this is highly doubtful in view of the rule that where an incident alleged to be negligent is clearly identified, the detail thereof is "presumptively within the knowledge of the defendant," and further detail with regard thereto need not be alleged. I am at a complete loss to understand how it can be said that, admitting the allegations of this complaint to be true, the plaintiff is entitled to no relief. To me such a holding is irreconcilable with every concept of common sense, and takes a long step in the direction of return to the super-technical rules of common law pleading which have long since been abandoned by adoption of both the old Code of Civil Procedure and the Rules of Civil Procedure.

By the complaint the plaintiff states to the defendant in substance:

"On April 6, 1960, at your own place of business you and your employer undertook to perform dental work on me, and so negligently did your job that I'm entitled to collect damages from you under the law."

By the motion to dismiss the doctor says to the plaintiff in legal effect:

"I admit all that you say, but you haven't told me the 'place where' I did such a poor job."

A mere statement of the proposition points up to me at least the absurdity of the result of the majority view.

MR. JUSTICE FRANTZ authorizes me to state that he concurs in the foregoing.