**Nancy Ann RING, Petitioner, Respondent,**

v.

**Douglas Earl McPEEK, Appellant.**

No. C7-87-2044.

Court of Appeals of Minnesota.

May 17, 1988.

Robert J. Lawton, St. Paul, for petitioner, respondent.

Shirley A. Reider, Minneapolis, for appellant.

Considered and decided by CRIPPEN, P.J., and SCHULTZ,* and FLEMING,* JJ., without oral argument.

## OPINION

CRIPPEN, Judge.

Appellant Douglas McPeek appeals from the trial court's denial of his untimely motion for amended findings or a new trial. We dismiss the appeal.

### ISSUES

1. Was appellant's motion for a new trial or amended findings timely?

2. Does appellant's failure to file a timely appeal deprive this court of jurisdiction?

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

## ANALYSIS

### I.

The trial court may amend findings or make additional findings and may amend the judgment upon motion "made not later than the time allowed for a motion for new trial pursuant to Rule 59.03." Minn.R. Civ.P. 52.02.

> A notice of motion for a new trial shall be served within 15 days after a general verdict or service of notice by a party of the filing of the decision or order.

Minn.R.Civ.P. 59.03. In this case, service of the notice of the filing of the original judgment and decree was made by respondent on May 19, 1987. Appellant's motion for a new trial or amended findings was not made until August 3, 1987. Three weeks after the August 3 motion, appellant filed a motion to vacate the judgment on the basis of excusable neglect. While the motion states a cause for relief under Minn.R.Civ.P. 60.02, it is evident appellant used the motion to raise inadvertence regarding the earlier untimely motion. The motion does not state any basis for relief from the judgment itself.

The time period to move to amend or for a new trial expired two months before appellant brought the motion. The time limit under Rule 59.03 is absolute, and a trial court cannot extend it. *Bowman v. Pamida, Inc.*, 261 N.W.2d 594, 597 (Minn. 1977); *Ferraro v. Ferraro*, 364 N.W.2d 821, 822 (Minn.Ct.App.1985); Minn.R.Civ.P. 6.02.

The trial court noted that the new trial motion was untimely, but accepted the "claim of [appellant's] counsel that her failure to comply with Rule 59.03 was sheer inadvertence and excusable neglect." The court then denied the motion on the merits. The trial court had no jurisdiction to amend the original findings of fact and conclusions or to address the motion for a new trial because it was not timely filed. Likewise, we have no jurisdiction to reconsider appellant's claims. The fact that appellant's attorney misread or incorrectly interpreted the court's order delaying the time for a hearing on post trial motions does not permit disregard for strict jurisdictional rules.

### II.

The original judgment and decree was entered by the clerk of court on June 2, 1987. An appeal must be filed within the time limits prescribed by Minnesota Rule of Civil Appellate Procedure 104.01, which provides, "An appeal may be taken from a judgment within 90 days after its entry, and from an order within 30 days after service by the adverse party of written notice of filing unless a different time is provided by law." Here, the notice of appeal was made with service on October 13, 1987. The service of the notice of a filing of an order was made on May 19, 1987 on appellant's attorney. Under either time limit, the appeal was too late. The appellate court does not have the power to extend the time limits for filing an appeal. *See* Minn.R.Civ.App.P. 104.01; *Davis v. Minnesota Department of Human Rights*, 352 N.W.2d 852, 854 (Minn.Ct.App.1984).

### DECISION

Appeal dismissed.