673 So.2d 762 (1995)
William HALE, Jr.
v.
UNION FOUNDRY COMPANY.
2941172.
Court of Civil Appeals of Alabama.
December 15, 1995.
*763 J. Doug Fields, Jr. of Massey & Stotser, P.C., Birmingham, for Appellant.
Mitchell G. Allen and Carole A. Golinski of Maynard, Cooper & Gale, P.C., Birmingham, for Appellee.
ROBERTSON, Presiding Judge.
William Hale, Jr., appeals from a summary judgment entered in favor of Union Foundry Company (Union). On March 1, 1992, Hale was injured on the job while working for Union. Thereafter, Hale filed a complaint in the Jefferson County Circuit Court seeking workmen's compensation benefits and alleging that Union was liable for the tort of outrage because, he said, Union had refused to pay him compensation; had refused to arrange his medical treatment and pay his medical bills; had contacted him personally after having been directed to contact his attorney; and had misrepresented the treating physician's statements. At the request of Union, the Jefferson County Circuit Court transferred the case to the Calhoun County Circuit Court.
On April 26, 1995, Union filed a motion for summary judgment on Hale's outrage claim; however, the motion was not accompanied by a narrative summary as required by Rule 56, Ala.R.Civ.P. Union transmitted a brief in support of its motion for summary judgment including a narrative summary, via facsimile, to the trial court and to Hale's attorney on June 1, 1995.[1] The trial court held a hearing on the summary judgment motion on June 2, 1995. On that same day, before the hearing, Hale filed a memorandum in opposition to Union's motion for summary judgment. Hale's memorandum set forth evidence supporting his outrage claim and alleged that Union had not presented any evidence in support of its motion for summary judgment. On June 14, 1995, the trial court granted Union's motion for summary judgment and made the judgment final pursuant to Rule 54(b), Ala.R.Civ.P.
Hale appeals, contending that the summary judgment was not proper because (1) Union failed to file a narrative summary in support of its motion as required by Rule 56, Ala.R.Civ.P.; and (2) a genuine issue of material fact exists as to whether Union's conduct was outrageous. This case was transferred to this court pursuant to § 12-2-7, Ala.Code 1975.
We first address the procedural issue. Rule 56(c)(1), provides:
"The [summary judgment] motion shall be supported by a narrative summary of what the movant contends to be the undisputed material facts; that narrative summary may be set forth in the motion or may be attached as an exhibit. The narrative summary shall be supported by specific references to pleadings, portions of discovery materials, or affidavits and may include citations to legal authority. Any supporting documents that are not on file shall be attached as exhibits. If the opposing party contends that material facts are in dispute, that party shall file and serve a statement in opposition supported in the same manner as is provided herein for a summary of undisputed material facts."
(Emphasis added.) Additionally, Rule 5(e), Ala.R.Civ.P., states:
"The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk or register of the court, except that the judge may permit the papers to be filed with him, in which event he shall note thereon the filing date and forthwith transmit them to the office of the clerk."
(Emphasis added.)
Union's motion for summary judgment did not set forth a narrative summary and did not have a narrative summary attached as an exhibit as required by Rule 56(c)(1). Although Union did transmit a brief, including a narrative summary, to the trial judge and to Hale's attorney, via facsimile, on June 1, 1994, this brief was never filed with the court. When the trial judge received Union's brief on June 1, 1995, he did not mark the brief "filed"; he did not note a filing date on *764 the brief; and he did not transmit the brief to the office of the clerk. Additionally, the case action summary sheet does not indicate that Union's brief was ever filed.
This case is factually similar to a case recently before our supreme court. In Moore v. ClaimSouth, Inc., 628 So.2d 500 (Ala.1993), the defendant filed a motion for summary judgment without a supporting narrative summary. The trial court granted the motion and the plaintiff appealed. Id. On appeal, the Court reversed the summary judgment, holding that the defendant had failed to meet its initial burden of proof because its motion for summary judgment did not comply with Rule 56(c)(1). Id.
In this case, Union, like the defendant in Moore, failed to meet its initial burden of proof because its motion for summary judgment did not comply with Rule 56. Consequently, the summary judgment was improper.
Because Union's motion for summary judgment on the outrage claim was procedurally defective, we will not address the merits of the motion.
REVERSED AND REMANDED.
YATES and MONROE, JJ., concur.
THIGPEN, J., concurs in the result only.
CRAWLEY, J., dissents.
CRAWLEY, Judge, dissenting.
I respectfully dissent from the majority's conclusion that the trial court committed reversible error by granting Union's motion for summary judgment.
As in Moore v. ClaimSouth, Inc., 628 So.2d 500 (Ala.1993), Union's summary judgment motion did not contain a narrative summary. However, the motion stated that Union would "submit a supporting brief and affidavits in the near future or prior to any hearing on this motion." The day before the hearing on the motion, Union submitted a brief, containing a narrative summary, to the trial court. Hale did not object to the tardiness of that submission. By not bringing his objection to the trial court's attention, Hale waived any irregularity in the filing of the narrative statement. See Lane v. State, 644 So.2d 1318, 1320 (Ala.Crim.App.1994). Furthermore, Hale has not shown how he was prejudiced by the tardiness of filing the narrative summary. Rule 45, Ala.R.App.P., states that "no judgment may be reversed or set aside... for error as to any matter of pleading or procedure, unless ... the error complained of has probably injuriously affected substantial rights of the parties." Under the circumstances, I fail to see how Moore v. ClaimSouth is dispositive here, or how the trial court erred in considering the narrative summary.
The trial court is afforded a wide range of discretion in applying the time requirements of Rule 56. Middaugh v. City of Montgomery, 621 So.2d 275 (Ala.1993). Compare Speer v. Pin Palace Bowling Alley, 599 So.2d 1140 (Ala.1992) (Rule 6(d), Ala.R.Civ.P., allows the trial court discretion to permit the service of affidavits that would otherwise be untimely).
The fact that the trial judge did not transmit Union's brief to the circuit clerk or note its filing on the case action summary should not work to Union's detriment. Rule 5(e), Ala.R.Civ.P., allows a trial judge to accept filing, and it puts the burden on the judge to get the papers to the clerk. In Payne v. City of Athens, 607 So.2d 292 (Ala.Civ.App. 1992), this court assumed that a filing with the trial judge was proper under Rule 5(e), despite the judge's failure to transmit the papers to the clerk in a timely fashion. Here, the judge's failure to transmit Union's brief to the clerk should not penalize Union. The trial court granted Union leniency at its discretion, Hale did not object, and Union should not be penalized by the judge's oversight in not transmitting the brief to the clerk. See 4A Wright & Miller, Federal Practice & Procedure: Civil 2d § 1153 at 445 (1987), where the authors observe the following:
"It should be noted that filing in th[e] context [of Rule 5(e) ] is complete when the judge has custody of the papers; a judge's failure to forward them `forthwith' or to enter a necessary order will not prejudice *765 the party attempting to comply with the filing requirement."
NOTES
[1] After Hale filed his notice of appeal, the trial court, on September 26, 1995, allowed Union to supplement the record on appeal to include its brief in support of the motion for summary judgment.