In re the MARRIAGE OF Dawn Marie KLONCZ, n/k/a Black, Petitioner, Appellant,

v.

James Andrew KLONCZ, Respondent.

No. A03–549.

Court of Appeals of Minnesota.

Oct. 28, 2003.

## OPINION

ROBERT H. SCHUMACHER, Judge.

Appellant Dawn Marie Kloncz, n/k/a Black, (mother) brings this appeal from a determination by the district court that the motion for amended findings and a new trial of respondent James Andrew Kloncz (father) was timely served. We reverse.

## FACTS

The marriage of the parties was dissolved, and they share joint legal custody of their two children. Mother has physical custody. By order filed September 25, 2002, the district court granted mother permission to permanently move the residence of the parties' minor children to the United Kingdom. The court's order also addressed issues of parenting time, child support, and transportation costs and denied father's request for change in custody.

On November 27, 2002, mother sent father notice of filing using two methods of service: facsimile and mail. Thirty-three days later, on December 30, father personally served a motion for amended findings and new trial. Thereafter, mother made a countermotion, arguing father's motion was not timely served and therefore precluded the court from amending the original order or addressing the motion for new trial.

The district court granted in part and denied in part father's December 30 motions. As to mother's countermotion, the court made the following findings: notice of filing occurred just before the Thanksgiving holiday; due to the holiday, father's attorney was not aware of the service by facsimile; father timely served his motion based on the mailed service; and mother did not suffer any harm from the three-day delay in service as the time for hear-

John A. Warchol, Warchol Berndt Hajek, P.A., Minneapolis, for appellant.

Jennifer R. Wellner, Wellner Isaacson, PLLP, Circle Pines, for respondent.

Considered and decided by SCHUMACHER, Judge, LANSING, Judge, and KALITOWSKI, Judge.

ing was extended anyway due to other factors.

## ISSUE

Is a motion for amended findings and new trial timely if served 33 days after notice of filing where notice of filing was served on the same day by both facsimile and mail?

## ANALYSIS

■ This issue requires interpretation of the Minnesota Rules of Civil Procedure. The interpretation of court rules presents a question of law and is properly reviewed de novo. *Madson v. Minn. Min. & Mfg. Co.*, 612 N.W.2d 168, 170 (Minn.2000). Rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Minn. R. Civ. P. 1.

■ Minn. R. Civ. P. 52.02 requires parties to bring a motion to amend findings within the time allowed for a motion for new trial. A motion for new trial must be served within 30 days after a general verdict or service of notice of filing. Minn. R. Civ. P. 59.03. Service shall be made personally, by facsimile, or by mail. Minn. R. Civ. P. 5.02. "Service by mail is complete upon mailing. Service by facsimile is complete upon completion of the facsimile transmission." *Id.* If notice of filing is served by mail, three days shall be added to the 30 day period. Minn. R. Civ. P. 6.05. Advisory committee comments to rule 5.02 state:

> The amendment to Rule 5.02 provides an express mechanism for service by facsimile. Service by facsimile has become widely accepted and is used in Minnesota either by agreement or presumption that it is acceptable under the rules or at least has not been objected to by the parties. The committee believes an express authorization for service by

facsimile is appropriate and preferable to the existing silence on the subject.... In addition [to] providing for service by facsimile, Rule 6.05 is amended to create a specific deadline for timely service. This rule adds an additional day for response to any paper served by any means other than mail (where 3 extra days are allowed under existing Rule 6.05, which is retained) and where service is not effected until after 5:00 p.m. local time.

Minn. R. Civ. P. 5.03 1996 comm. cmt.

■ Failure to comply with time limitations is a jurisdictional defect. *Bowman v. Pamida, Inc.*, 261 N.W.2d 594, 597 (Minn. 1977) (interpreting time limitations under Minn. R. Civ. P. 59.03). In *Ring v. McPeek* the time period to move to amend or for new trial expired two months before motions were brought. 423 N.W.2d 711, 712 (Minn.App.1988). The trial court allowed the motions noting counsel's failure to comply with rule 59.03 was due to "sheer inadvertence and excusable neglect." *Id.* This court, reversing the trial court, held the time limit under rule 59.03 is absolute: "The trial court had no jurisdiction to amend the original findings of fact and conclusions or to address the motion for a new trial because it was not timely filed." *Id.*

In *Huntsman v. Huntsman,* notice of filing was sent by both mail and facsimile on the same day. 633 N.W.2d 852, 854 (Minn.2001). Notice of appeal was served 60 days thereafter. *Id.* In a footnote, the Minnesota Supreme Court stated: "Appellant would have had an additional 3 days to file his notice of appeal if ... [the notice of filing] had only been mailed, Minn. R. Civ. P. 6.05, but—as we discuss below—his appeal from notice served by fax was still timely." *Huntsman,* 633 N.W.2d at 854 n. 1. The court thus suggests the three addi-

tional days for response under rule 6.05 applies when service is completed only by mail.

In this case, mother served notice of filing by facsimile and mail on November 27, 2002. Father served his motion for amended findings and new trial 33 days later. Father argues service by mail is the long established and secure method of service, sending the same by facsimile is merely a gesture and good business practice, and that service by mail allows three additional days for response. Thus, he asserts his service on December 30, 2002 was timely.

■ The comment to rule 5.02 and the Minnesota Supreme Court's statement in *Huntsman* suggest service by facsimile is an established and secure practice of service. Service by facsimile is complete upon completion of the facsimile transmission and triggers a deadline that does not include the three additional days allowed for by rule 6.05 when service is completed by mail. Minn. R. Civ. P. 5.02. Mother completed facsimile transmission of the notice of filing on November 27, 2002. Father's counsel admits that the fax was received in her office but states that she was unaware of the facsimile transmission due to lack of adequate office procedures. Even if the facsimile had been overlooked, on the cover letter to the notice of filing, in the upper right-hand corner, it is printed: Via Facsimile and United States Mail. As in *Ring*, excusable neglect is not a reason to breach the absolute rule of timeliness. Father's motion was served 33 days after the notice of filing was served by facsimile. Father's motion was therefore untimely, as it was not served within the 30–day proscribed period.

### DECISION

Because father did not timely move to amend within 30 days after receiving service by facsimile, the district court did not have jurisdiction to amend the original findings of fact or conclusions or address the motion for new trial.

**Reversed.**