**In re the Marriage of John Allen CLIFFORD, Petitioner, Respondent,**

v.

**Shelley Lynn BUNDY, Appellant.**

**No. A07–2300.**

Court of Appeals of Minnesota.

April 8, 2008.

Paul A. Banker, Christine M. Middleton, Jessica L. Meyer, Lindquist & Vennum, P.L.L.P., Minneapolis, MN, for respondent.

Brian L. Sobol, Susan A. Daudelin, Katz, Manka, Teplinsky, Due & Sobol, Ltd., Minneapolis, MN, for appellant.

Considered and decided by TOUSSAINT, Chief Judge; MINGE, Judge; and CONNOLLY, Judge.

## SPECIAL TERM OPINION

TOUSSAINT, Chief Judge.

### FACTS

This appeal was filed by mail on December 6, 2007. Appellant Shelley Lynn Bundy seeks review of a judgment and decree of dissolution entered on June 25, 2007, and of an order filed on October 29, 2007, denying her motion for amended findings or for a new trial.

The district court's memorandum to the October 29, 2007 order states that appellant's motion is "procedurally flawed" because the motion was not filed with the court by "the deadline set forth." The memorandum states that the motion still had not been filed with the court at that time. The memorandum indicates that a courtesy copy of the motion was received in chambers and that the court considered the motion on its merits.

Respondent John Allen Clifford moves to dismiss the appeal on the ground that because appellant's motion was not timely filed, the district court lacked jurisdiction to consider the motion, and the motion did not extend the time to appeal the underlying June 25, 2007 judgment under Minn. R. Civ.App. P. 104.01, subd. 2. Appellant opposes the motion to dismiss.

### DECISION

"Unless a different time is provided by statute, an appeal may be taken from a judgment within 60 days after its entry, and from an appealable order within 60 days after service by any party of written notice of its filing." Minn. R. Civ.App. P. 104.01, subd. 1. Unless otherwise provided by law, if any party "serves and files" a proper and timely postdecision motion of a type specified in the rule, the time for appeal of the order or judgment that is the subject of the motion runs for all par-

ties from the service by any party of notice of filing of the order disposing of the last such motion outstanding. *Id.,* subd. 2. Motions to amend or make findings of fact under Minn. R. Civ. P. 52.02 or for a new trial under Minn. R. Civ. P. 59 are included in the list of tolling motions. *Id.,* subd. 2(b), (c), (d).

A motion for amended findings must be "served and heard not later than the times allowed for a motion for new trial pursuant to Rule 59.03." Minn. R. Civ. P. 52.02. A notice of motion for a new trial "shall be *served* within 30 days after a general verdict or service of notice by a party of the filing of the decision or order." Minn. R. Civ. P. 59.03 (emphasis added). The motion shall be heard within 60 days after such general verdict or notice of filing, unless the time for hearing is extended by the court within the 60–day period for good cause shown. *Id.*

Respondent served notice of filing of the June 25, 2007 judgment on July 17, 2007. On August 10, 2007, appellant served a motion for amended findings or a new trial on respondent's counsel by facsimile transmission. The rules of civil procedure allow for service by facsimile transmission. Minn. R. Civ. P. 5.02. The parties agree that appellant's motion for amended findings or a new trial was timely served.

Appellant's counsel states that on August 10, 2007, counsel mailed the motion for amended findings or a new trial directly to the district court judge. Appellant did not file the motion with the district court administrator at this time. On August 24, 2007, respondent filed with the district court administrator a responsive motion to strike appellant's affidavit in support of her motion for amended findings or a new trial. On September 4, 2007, appellant filed with the district court administrator a reply memorandum of law and a responsive notice of motion and mo-

tion to respondent's motion to strike. Appellant's counsel states that on September 4, 2007, counsel provided to the district court judge courtesy copies of the motion for amended findings or a new trial and appellant's reply memorandum and responsive notice of motion and motion to respondent's motion to strike.

On October 29, 2007, the district court issued its order stating that appellant's postdecision motion had not been filed but denying the motion on the merits. On or about November 5, 2007, appellant filed the motion for amended findings or a new trial with the district court administrator and paid the $55 motion fee. *See* Minn. Stat. § 357.021, subd. 2(4) (2006) (requiring the court administrator to collect a $55 filing fee for filing a motion or a response to a motion in civil, family (excluding child support), and guardianship cases).

Generally, all papers after the complaint required to be served upon a party, together with a certificate of service, shall be filed with the court within a "reasonable time after service." Minn. R. Civ. P. 5.04. The administrator shall not refuse to accept a paper for filing solely because it is not presented in proper form as required by any court rule or practice. *Id.*

■ The Minnesota Rules of Civil Procedure do not define how filing is accomplished. The part of Minn. R. Civ. P. 5.04 prohibiting the district court administrator from refusing to accept for filing a paper on the sole ground that it is not presented in proper form shows an expectation that the papers will be presented to the court administrator for filing. Generally, a document is filed with the district court when it is delivered to or received by the office where it is required to be filed, even though the document may not be stamped "filed" until sometime later. *Cederberg v. City of Inver Grove Heights,* 686 N.W.2d

853, 856–57 (Minn.App.2004). *Cederberg* cites the *Black's Law Dictionary* definition that a document is "filed" when it is delivered to the court clerk or record custodian for placement into the official record. *Id.* at 856 (citing *Black's Law Dictionary* 642 (7th ed. 1999)).

Appellant argues that because Minn. R. Civ. P. 5 does not specify how a document is filed with the court, submission of the document to the district court judge assigned to hear the matter also constitutes filing, in accordance with Fed.R.Civ.P. 5(e). Appellant cites the federal rule in effect at the time this matter was pending in district court. The rule stated that the filing of papers with the court shall be made by filing them with the clerk of court, except that the judge may permit the papers to be filed with the judge, in which event the judge shall note the filing date on the papers and transmit them to the office of the clerk. *Id.*[1]

Appellant states that the district court judge's law clerk advised counsel of the judge's instructions that the attorneys were to agree to a briefing schedule and submit the motions and written arguments to the judge for a ruling without a hearing. Appellant contends that the motion for amended findings or a new trial in effect was filed when the motion papers were delivered to the district court judge on August 10, 2007, and again on September 4, 2007.

The federal rule states that the judge may "permit" the papers to be filed with the judge. Fed.R.Civ.P. 5(e). The language of Fed.R.Civ.P. 5(e) that the court "may permit the papers to be filed" with it rather than the clerk suggests that such filing is proper only when the court's "discretion has been invoked by one of the parties for good cause." *Int'l Bus. Machs. Corp. v. Edelstein*, 526 F.2d 37, 46 (2nd Cir.1975).

Appellant did not file a motion requesting the district court judge to accept the motion for amended findings or a new trial for filing, nor has appellant shown that the district court judge directed the parties to file their motion papers with the judge directly, instead of filing them with the court administrator. Moreover, appellant did not pay the $55 fee to file the motion for a new trial or amended findings until on or about November 5, 2007. All court administrator fees, except in criminal proceedings, shall be paid in advance of or prior to the time of the performance of any service requiring payment of such fees, and the court administrator shall not proceed in any matter requiring the payment of fees until the full amount is paid. Minn. Stat. § 357.021, subd. 3 (2006).

Ultimately, the district court ruled on the merits of appellant's motion for a new trial or amended findings based on a courtesy copy of the motion that the court had obtained. But the district court did not permit appellant to file the motion papers directly with the judge, rather than filing the motion with the court administrator and paying the required fee. Therefore, appellant's submission of courtesy copies of the motion for amended findings or a new trial to the district court judge on August 10, 2007, and September 4, 2007, did not constitute "filing" of the motion under Fed.R.Civ.P. 5(e) and Minn. R. Civ. P. 5.04.

1. Effective December 7, 2007, Fed.R.Civ.P. 5(e) was renumbered as Fed.R.Civ.P. 5(d)(2). One of the methods of filing under the rule is by delivery of a paper "to a judge who agrees to accept it for filing, and who must then note the filing date on the paper and promptly send it to the clerk." *Id.*, (d)(2)(B). The changes to rule 5 were intended to be stylistic only. Fed.R.Civ.P. 5 2007 advisory comm. notes.

Because Minn. R. Civ. P. 59.03 only requires service of a motion for a new trial within the 30–day period, appellant was not required to file the motion with the court by the expiration of that period. Appellant was required to file the motion with the court within a "reasonable time after service." Minn. R. Civ. P. 5.04. Although rule 5.04 does not give any guidance as to what is "reasonable," this period "should normally be measured in days or weeks, not months or years." 1 David F. Herr & Roger S. Haydock, *Minnesota Practice* § 5.6 (4th ed. 2002).

█ If a postdecision tolling motion is "timely served and filed," the motion extends the time to appeal the underlying judgment or order under Minn. R. Civ. App. P. 104.01, subd. 2, even if a hearing on the motion was not held within the 60–day period under Minn. R. Civ. P. 59.03. *Rubey v. Vannett,* 714 N.W.2d 417, 422 (Minn.2006). A postdecision motion to amend a prejudgment order is not timely if it is filed after expiration of the 60–day period to appeal from the judgment, and because such a motion is not timely, it does not toll the period for appeal from the order or judgment. *Mingen v. Mingen,* 679 N.W.2d 724, 728 (Minn.2004).

Unless tolled by a proper and timely postdecision motion, the time to appeal the June 25, 2007 judgment expired on August 24, 2007, which was 60 days after judgment was entered. *See* Minn. R. Civ.App. P. 104.01, subd. 1. Appellant did not file the tolling motion for amended findings or a new trial until on or about November 5, 2007, more than two months after the 60–day period to appeal the June 25, 2007 judgment expired. Because appellant's motion for amended findings or a new trial was not filed with the court administrator until after the 60–day period to appeal the June 25, 2007 judgment expired, the motion was not timely filed. Therefore, ap-pellant's motion did not extend the time to appeal the June 25, 2007 judgment.

This appeal was filed after the expiration of the time to appeal the June 25, 2007 judgment. Therefore, we must dismiss this appeal as untimely. *See* Minn. R. Civ.App. P. 126.02 (prohibiting appellate court from extending time to file notice of appeal); *Twp. of Honner v. Redwood County,* 518 N.W.2d 639, 641 (Minn.App. 1994) (holding that court of appeals lacks jurisdiction to consider untimely appeal), *review denied* (Minn. Sept. 16, 1994).

An appeal may be taken from an order denying a motion for a new trial. Minn. R. Civ.App. P. 103.03(d). But because appellant's motion for a new trial was not filed timely, the district court lacked jurisdiction to rule on the motion and this court lacks jurisdiction to consider the October 29, 2007 order denying the motion on the merits. *See Ring v. McPeek,* 423 N.W.2d 711, 712 (Minn.App.1988) (holding that court of appeals has no jurisdiction to consider order ruling on untimely motion for amended findings or new trial).

**Appeal dismissed.**