**133 Nev., Advance Opinion 29**

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| JENNIFER O'NEAL,<br>Appellant,<br>vs.<br>SHARNA HUDSON, INDIVIDUALLY;<br>AND GERALD LYLES,<br>INDIVIDUALLY,<br>Respondents. | No. 70446 |



FILED

JUN 01 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Jurisdictional prescreening of an appeal from a judgment on a short trial verdict and a post-judgment order denying a motion for judgment notwithstanding the verdict, or alternatively for a new trial. Eighth Judicial District Court, Clark County; James Crockett, Judge; Robert A. Goldstein, Short Trial Judge.

*Appeal may proceed.*

Kirk T. Kennedy, Las Vegas,
for Appellant.

The Howard Law Firm and James W. Howard, Las Vegas,
for Respondents.

---

BEFORE HARDESTY, PARRAGUIRRE and STIGLICH, JJ.

*OPINION*

PER CURIAM:

In this appeal, we consider whether a motion for a new trial was filed with the district court where it was accepted by the short trial

judge for filing, but there is no indication that the short trial judge complied with NRCP 5(e) by noting the date of filing on the document and promptly transmitting it to the office of the clerk. We conclude that a document is filed with the district court upon acceptance for filing by the judge, and his or her failure to note the date of filing thereon and transmit it to the clerk of the court is a ministerial error not to be held against the parties. Accordingly, the motion for a new trial was timely filed when the short trial judge accepted it for filing.

## FACTS AND PROCEDURAL HISTORY

Appellant filed a complaint against respondents for negligence related to a motor-vehicle accident. After a trial in the short trial program, the district court entered a judgment on jury verdict in favor of respondents. Notice of entry of judgment was electronically served on March 24, 2016. No post-judgment motions appear on the district court docket sheet; however, appellant represented in her docketing statement that she filed a motion for a new trial with the short trial judge on March 24, 2016. The short trial judge entered an order on April 25, 2016, denying a motion for judgment notwithstanding the verdict or in the alternative, motion for a new trial. Appellant filed the notice of appeal on May 19, 2016.

This court entered an order directing appellant to show cause why this appeal should not be dismissed in part for lack of jurisdiction. We explained that the notice of appeal was filed more than 30 days after service of notice of entry of the judgment on jury verdict. Thus, the notice was untimely as to the final judgment unless a timely tolling motion was filed. See NRAP 4(a)(1), (4). It was not clear whether the motion for a new trial tolled the time to file the notice of appeal where the district court

docket entries did not indicate that any such motion was filed in the district court, and the copy of the motion for new trial included with the docketing statement did not bear the file-stamp of the district court clerk or a notation of the filing date made by the judge.

In response, appellant points to an email exchange between appellant and the short trial judge. Appellant emailed the short trial judge and inquired whether the new trial motion should be e-filed. A copy of the new trial motion was attached to the email. The short trial judge responded that he did not know and directed appellant to contact the Alternative Dispute Resolution (ADR) office. Appellant then informed the short trial judge that she was instructed by the ADR office to file the motion directly with the short trial judge by service and not to file the motion with the clerk's office. Once a ruling was made, the short trial judge's order was to be filed with the motion as an exhibit. Appellant asked that the short trial judge accept the earlier emailed motion as "my submission to you for consideration and decision." The short trial judge then set a briefing schedule for the motion.

Based on this exchange, appellant asserts that the new trial motion was filed in accordance with the direction of the ADR office, and the short trial judge accepted the motion as properly filed. Respondents concede that if emailing the motion to the short trial judge was the correct manner of proceeding, the notice of appeal was timely filed. However, respondents argue that emailing the motion does not meet the definition of filing set forth in NRCP 5(e) because the motion was not filed with the clerk. Respondents thus request that this appeal be dismissed for lack of jurisdiction.

## DISCUSSION

In order to qualify as a tolling motion under NRAP 4(a)(4), a motion for a new trial must be timely filed in the district court under the Nevada Rules of Civil Procedure. NRAP 4(a)(4). Documents may be filed with the court "by filing them with the clerk of the court, except that the judge may permit the papers to be filed with the judge, in which event the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk." NRCP 5(e). When a case is in the short trial program, unless otherwise specified in the rules, all documents must be served and filed in accordance with the Nevada Rules of Civil Procedure. NSTR 6.

We must decide whether appellant's motion for a new trial was filed with the short trial judge pursuant to NRCP 5(e) where there is no indication that the judge noted the date of filing upon the document and transmitted it to the district court clerk. We agree with other courts that the failure of the judge to perform these ministerial tasks, over which the parties have no control, should not be the determinative factor. Instead, in determining whether a document has been filed with the judge, the focus is on whether the judge has allowed the paper to be filed with the judge. *See Sprott v. Roberts*, 390 P.2d 465, 466 (Colo. 1964) (holding that judge's failure to note time and date of filing upon document and timely transmit it to clerk as required by Colorado Rule of Civil Procedure 5(e)[1] not to be held against party filing document); *Fisher v. Small*, 166 A.2d 744, 746-47 (D.C. 1960) (ruling no error to conclude that failure of the

---

[1]"Rule 5(e) requires filings to be with the clerk of the court but permits filing with the judge provided 'he shall (then) note thereon the filing date and forthwith transmit them (i.e. the papers) to the office of the clerk.'" *Sprott*, 390 P.2d at 466.

court to note the time of filing of a motion by the judge, as required by rule, was merely a clerical error that did not render a motion untimely filed); *J.A. Tobin Constr. Co., Inc. v. Kemp*, 721 P.2d 278, 283 (Kan. 1986) (concluding that under K.S.A. 60-205(e), which is substantially similar to NRCP 5(e),[2] "filing is complete when the judge personally accepts custody of the papers"); *see also DeMarines v. KLM Royal Dutch Airlines*, 580 F.2d 1193, 1195 n.4 (3d Cir. 1978) (concluding that a motion handed to a law clerk was not filed with the judge under former Fed. R. Civ. P. 5(e),[3] which is substantially similar to NRCP 5(e), where permission to file with the judge "was neither sought nor given"); *Clifford v. Bundy*, 747 N.W.2d 363, 366 (Minn. Ct. App. 2008) (interpreting former Fed. R. Civ. P. 5(e) and concluding that a party did not file a motion with the judge where the party did not request that the judge accept the motion for filing, the judge did not request that the paper be filed directly with him, and the party did not pay the filing fee, but the judge ruled on a courtesy copy of the motion given to him). *But see Hale v. Union Foundry Co.*, 673 So. 2d 762, 763-64 (Ala. Civ. App. 1995) (concluding that under Alabama Rule of Civil Procedure 5(e), which is substantially similar to NRCP 5(e),[4] a document

---

[2]At the time of the opinion, K.S.A. 60-205(e) required that pleadings and other papers be filed with the clerk, "except that the judge may permit the papers to be filed with him, in which event he shall note thereon the filing date and forthwith transmit them to the office of the clerk." *See J.A. Tobin Constr.*, 721 P.2d at 280.

[3]Fed. R. Civ. P. 5(e) has since been renumbered as Fed. R. Civ. P. 5(d)(2).

[4]Alabama Rule of Civil Procedure 5(e) provided that papers were to be filed with the clerk, "except that the judge may permit the papers to be filed with him, in which event he shall note thereon the filing date and
*continued on next page...*

Supreme Court
OF
Nevada

(O) 1947A

was not filed with the judge where the judge was provided with a copy of the document, he did not mark it "filed," note a filing date upon it, or transmit it to the clerk's office, and the case action summary sheet did not indicate that the document was filed).

Here, appellant specifically asked that the short trial judge accept the motion as submitted to him, and the short trial judge set a briefing schedule on the motion and entered a written order denying the motion and stating that the motion was filed. Under these circumstances, we conclude that the short trial judge permitted the motion to be filed with him.[5] Thus, appellant's motion for a new trial was timely filed on March 24, 2016.

## CONCLUSION

Appellant's post-judgment motion for a new trial was filed with the short trial judge on the date the short trial judge accepted the motion for filing, despite the apparent failure of the short trial judge to note the date of filing upon the motion and transmit it to the district court

---

*...continued*

forthwith transmit them to the office of the clerk." *See Hale*, 673 So. 2d at 763.

[5]Although we conclude that the failure of a judge to note the date of filing on a document and transmit it to the clerk of the court does not affect whether a document was filed with the judge, such failure results in the omission of the document from the district court docket sheet. In turn, this omission can unnecessarily hinder this court's ability to conduct an accurate jurisdictional review because it is not apparent if or when a tolling motion has been filed. We thus stress the importance of compliance with NRCP 5(e) and remind judges, including pro tempore short trial judges, of their obligation to note the date of filing upon any documents filed with the judge and promptly transmit the documents to the district court clerk.

clerk. The motion was timely filed after entry of the final judgment and tolled the time to file the notice of appeal from the final judgment. Because appellant timely filed the notice of appeal after entry of the order denying the new trial motion, this appeal may proceed.

Appellant shall have 90 days from the date of this opinion to file and serve the opening brief and appendix. Thereafter briefing shall proceed in accordance with NRAP 31(a)(1). We caution the parties that failure to comply with this briefing schedule may result in the imposition of sanctions. NRAP 31(d).

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

