EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a paternity case.
The Morgan County Department of Pensions and Security (D.P.S.) appealed to the circuit court from a ruling of the district court, which sustained the defendant Kel-so’s plea of the statute of limitations.
The following pertinent facts appear of record.
On August 10, 1983, Cindy Ryan filed an action under the paternity statute, which sought to establish that Kelso was the father of her daughter, who was born on July 21, 1978. Kelso’s last motion to dismiss was based upon the ground that the suit against him was barred by the five-year statute of limitation period as established by § 26-12-7, Code 1975. The circuit court granted Kelso’s motion to dismiss on March 16, 1984. No evidence was taken or presented to the circuit court.
D.P.S. moved that the March 16, 1984, order be set aside, contending that § 26-12-7 violates the equal protection and due process clauses of the constitutions of the United States and of Alabama. That motion of D.P.S. was overruled and D.P.S. ex rel. Cindy Ryan duly appealed to this court.
Under our recent decision in State v. Burks, 454 So.2d 1038 (Ala.Civ.App.1984), the five-year statute of limitations applies.[1] That limitation upon paternity actions is as follows: “Proceedings under this chapter shall not be brought after the lapse of five years from the birth of the child, unless, in the meantime, the reputed father has legally acknowledged paternity or has supported said child.” § 26-12-7, Code 1975.
According to the mother’s affidavit, Kel-so has never acknowledged his paternity of the child to the mother nor has he ever supported the child.
Since this case does not fall within the exceptions or saving provisions which toll the running of the period of limitation, this paternity action is barred unless D.P.S. is correct in its contention that the five-year statute of limitations is unconstitutional under the decisions of the Supreme Court of the United States in Pickett v. Brown, 462 U.S. 1, 103 S.Ct. 2199, 76 L.Ed.2d 372 (1983), and Mills v. Habluetzel, 456 U.S. 91, 102 S.Ct. 1549, 71 L.Ed.2d 770 (1982).
Both of those eases relied upon two related requirements before a statute of limitations which governs suits to legally identify the natural father of illegitimate children may be deemed to be constitutional. To meet constitutional muster in that regard,
“the period for obtaining paternal support has to be long enough to provide a reasonable opportunity for those with an interest in illegitimate children to bring suit on their behalf; and, any time limit on that opportunity has to be substantially related to the State’s interest in preventing the litigation of stale or fraudulent claims.”
Pickett v. Brown, supra, 103 S.Ct. at 2204. The factors are enumerated in Mills and Pickett, which make it unreasonable to require that a paternity suit be brought within one or two years of a child’s birth. Those factors are greatly diluted or totally dissipated by the extension of time to five years, which is a very long period of time. A statute which grants a total of 1,825 calendar days, being approximately 1,200 or more non-holiday workdays, within which to institute a paternity action certainly provides ample opportunity for illegitimate children, the mother or any other authorized person, firm, corporation or governmental agency to file for the paternal support of those children. The five-year period of limitation is not so restrictive as to effectively extinguish the granted paternity proceedings. As any experienced trial judge or trial attorney can verify, the hu *1335 man memory, after the expiration of five years, becomes blunted, uncertain, hazy and, in many instances, totally forgets a particular matter or conversation or important details concerning it. That type of evidence has been, presently is, and can be in the future most important and decisive in the trial of paternity cases. Vital witnesses, and other evidence, become inaccessible and unavailable through the passage of time. While great scientific studies have been made in blood testing in paternity cases, we are aware of no statute nor court opinion which dictates the replacement of the judge and jury with the laboratory technician in reaching a final verdict and legal determination as to the paternity of a particular child. Blood group testing results constitute important evidence, but no legal presumption arises therefrom; and, if other competent evidence conflicts therewith, an issue of fact is presented for determination by the trier of facts in a particular case. While Alabama tolls most actions during a child’s minority, § 6-2-8(a), Code 1975, the inapplicability of that tolling provision to a paternity action does not alone require that the five-year limitation period be declared to be invalid.
The five-year statute of limitations does provide illegitimate children, and those interested in them, with ample opportunity to obtain paternal support and is substantially related to the legitimate state interest in preventing the litigation of stale or fraudulent claims. It, therefore, is constitutional and the judgment of the circuit court is affirmed.
Able counsel for D.P.S. has cited many statistics and some evidence in his excellent brief which are totally outside of the appeal record. We are prohibited from considering those extraneous matters. Roberts v. Roberts, 424 So.2d 644 (Ala.Civ. App.1982).
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.

, The Alabama Uniform Parentage Act's provisions as to when an action may be brought to determine parentage are codified in code section 26-17-6. The uniform act varies from and repeals § 26-12-7. The new statute is not applicable to the present case.