477 So.2d 295 (1985)
POLYTEC, INC., a corporation, and Phil Cashion
v.
UTAH FOAM PRODUCTS, INC., a corporation; J.O. Lochridge Company; John Binford; and Michael A. Guarino.
84-92.
Supreme Court of Alabama.
September 6, 1985.
As Corrected on Denial of Rehearing October 4, 1985.
*296 James L. Shores, Jr. of Shores & Booker, Fairhope, for appellants.
R. Boyd Miller of Cabaniss, Johnston, Gardner, Dumas & O'Neal, Mobile, for appellee Utah Foam Products, Inc.
Joseph S. Johnston of Johnston & Johnston, Mobile, for appellees Lochridge and Binford.
Ian F. Gaston, Mobile, for appellee Guarino.
PER CURIAM.
This is the second time this case has been before us on appeal from a summary judgment in favor of certain of the counterdefendants. The factual background and procedural status, as then postured, are set out in our opinion in the first appeal, Polytec, Inc. v. Utah Foam Products, Inc., 439 So.2d 683 (Ala.1983), and need not be repeated here. The instant record on appeal reveals the following subsequent changes in the posture of the counterclaims: the addition of one counterdefendant; discovery by the respective parties to the counterclaim; and the entry of summary judgment adverse to each of the counterplaintiffs' statements of their claim. (The first appeal was limited to counts four and five.)
After careful review of the evidence adduced through discovery and presented to the trial court in support of counterdefendants' motion, we hold that this evidence does not reduce the case to a "no material issue of fact" posture so as to support a summary judgment; nor have we altered our position with respect to the legal viability of counts four and five.
In so holding, we are not unaware that this appeal (contrary to the first appeal) seeks to have this Court enlarge its review and speak to the viability of count three of the counterclaim (a counterclaim for breach of contract against Utah Foam Products, Inc., only). Because our review of the record reveals viable issues of fact with respect to counts three, four and five, we reverse the judgment and remand this cause for trial as to the theories advanced by these counts.
In conclusion, for the sake of clarity, we point out that the trial court's order granting summary judgment in favor of Utah Foam on its original claim against Polytec stands undisturbed by this opinion; and, upon remand of this cause, only counterdefendant Utah Foam is to be put to trial on the counterclaim stated in count three, and all of the counterdefendants are to be put to trial on the counterclaims stated in counts four and five.
REVERSED AND REMANDED.
TORBERT, C. J., and MADDOX, FAULKNER, JONES, ALMON, BEATTY and ADAMS, JJ., concur.
SHORES J., not sitting.

ON APPLICATION FOR REHEARING
PER CURIAM.
On rehearing, the opinion is corrected and the application for rehearing is overruled.
TORBERT, C.J., and MADDOX, FAULKNER, JONES and ALMON, JJ., concur.