WRIGHT, Presiding Judge.
This is a petition for issuance of a writ of mandamus directing the judge of the Circuit Court of Franklin County to order a blood test in a paternity case.
In September 1982 the plaintiff, Vanessa Phillips, gave birth to a child. In May 1985 the plaintiff initiated a paternity action in the Franklin County Juvenile Court naming Nathaniel Robinson as defendant. The Juvenile Court entered an order directing the plaintiff, the defendant, and the minor child to submit themselves to Human Leukocyte Antigen Tests (HLA) for the purpose of aiding in determining the father of the child. The result of the test showed the probability of Nathaniel Robinson’s paternity to be 96.84%. The juvenile court entered an order establishing paternity and setting the amount of child support to be paid by Robinson. Robinson appealed the order to the Franklin County Circuit Court. In January 1986 Robinson filed a motion to add Mack Shirley as an additional party defendant, which the court granted. The circuit court later directed Shirley, the plaintiff and the minor child to undergo HLA tests to determine the possibility of defendant Shirley’s paternity. The test showed that Shirley could not be eliminated as a possible father. The court was informed in April 1986 by the University of Alabama Immugenetics Typing Laboratory, that in order to ascertain which putative father could be excluded, additional tests would have to be performed on both males as well as the mother and child. The plaintiff subsequently filed a motion asking the court to order additional HLA tests of both defendants in order to conclusively exclude one of the potential fathers. The trial judge denied the plaintiff’s motion, and in October 1986 entered a default judgment against Mack Shirley.
The plaintiff asks this court to issue a writ of mandamus ordering the circuit judge to order additional HLA tests of the defendants. The plaintiff relies upon § 26-17-12(a) of the Code of Alabama 1975, which states:
“(a) Upon application of the defendant in a paternity proceeding or any other party to the action, the court shall order the mother, child and defendant to submit to one or more blood tests to assist the court in determining paternity of the child. No such blood test shall be taken before the child reaches the age of six months. Whenever the court orders any such blood test to be taken and any of the persons whose blood is to be taken refuses to submit to the test, such fact shall be disclosed upon trial, unless good cause is shown for not doing so.”
Plaintiff argues that the language of this section is mandatory and that the legislature intended the trial court to order multiple tests if so requested. We find no merit in this argument. In fact, § 26-17-12(b) provides, “If more than one blood test is performed and the results are conflicting, none of the blood test results shall be admissible as evidence of paternity or nonpa-ternity.” In this case, any additional test results tending to exclude one of the male defendants as potential fathers would obviously be conflicting and according to § 26-17-12(b) could not be used as evidence.
Paternity has been decided by Alabama courts long before blood test results were admissible evidence. Today, although blood group testing results constitute important evidence in paternity actions, no legal presumptions arise therefrom. If other competent evidence conflicts therewith, an issue of fact is presented to be determined by the trier of fact. Morgan County Department of Pensions and Se *1133 curity v. Kelso, 460 So.2d 1333 (Ala.Civ.App.1984).
For this court to issue a writ of mandamus, there must be credible allegations which are ironclad in nature, showing that the trial judge is bound by law to do what the petitioner requests. Segars v. Segars, 333 So.2d 155 (Ala.Civ.App.1976). The petitioner has failed to present such allegations; therefore, the writ of mandamus is denied.
WRIT OF MANDAMUS DENIED.
BRADLEY and HOLMES, JJ., concur.