This case involves an appeal from an order granting a default judgment against one of two defendants in a paternity suit and granting summary judgment for the other defendant.
On May 31, 1985 Ms. Vanessa Phillips (hereinafter "mother") filed a paternity action in the Juvenile Court of Franklin County, Alabama alleging that Mr. Nathaniel Robinson (hereinafter "Robinson") was the father of her minor daughter. The mother sought an order adjudicating the child's paternity and directing Robinson to pay child support. The juvenile court entered an order establishing Robinson's paternity and ordering him to pay $75 per week in child support and to reimburse the State in the amount of $993.
Robinson subsequently appealed the juvenile court's decision to the Circuit Court of Franklin County, Alabama. The trial of Robinson's appeal was held in the circuit court on January 14, 1986. The jury in the case, however, was apparently unable to reach a verdict on the issue of Robinson's paternity. The case, therefore, ended in a mistrial. Thereafter, the mother amended her original complaint to add defendant Mack Shirley (hereinafter "Shirley") as a co-defendant in the paternity action.
On May 1, 1986 the mother made a motion requesting the circuit court to enter an order requiring defendants Robinson and Shirley, the mother, and her child to submit to additional blood tests. The trial court granted the motion. Subsequently, the mother sought another order requiring that still more blood samples be taken from the defendants. The trial court denied the plaintiff's second motion to take additional blood tests and, on October 3, 1986, entered a default judgment against defendant Shirley upon the motion of defendant Robinson.
The mother subsequently sought a petition for writ of mandamus from this court directing the circuit judge to grant her request for additional blood tests. We refused to issue a writ of mandamus requiring that the trial court grant the mother's request for additional blood samples. See, Ex parteState ex rel. Phillips, 500 So.2d 1131 (Ala.Civ.App. 1986).
On December 18, 1986 defendant Robinson moved for summary judgment. The circuit court granted Robinson's motion. The trial court's handwritten order, which appeared on the bench notes, stated:
 "Upon consideration of the pleadings of record, and argument of counsel and the testimony offered in the trial of this cause on January 14, 1986, it is hereby ordered that the motion for summary judgment on behalf of the defendant Nathaniel Robinson is granted. This proceeding is hereby ordered dismissed as to the defendant Robinson."
The mother has appealed from the orders of the trial court entering a default judgment against defendant Shirley and summary judgment in favor of defendant Robinson.
 Motion to Dismiss Appeal
Robinson has moved to dismiss the appeal for noncompliance with Rule 10(d), Alabama Rules of Appellate Procedure, because appellant has not provided a transcript of the testimony offered on January 14, 1986 and referred to in the summary judgment entered January 8, 1987. Under Rule 10(d) it is not necessary that a party submit to this court the entire record for review. It is the responsibility of the appellant to provide enough of the record to support the issues presented. The appellee has the right to provide additional portions he may deem necessary for review. Adams v. Adams, 335 So.2d 174
(Ala.Civ.App. 1976); Rule 10(b)(1), A.R.A.P. The issue on this appeal from the granting of a summary judgment in favor of Robinson is whether there was before the court evidence of a disputed material fact. Whether the record presented on appeal is sufficient to determine that issue is to be considered in the appeal. It is not grounds for dismissal of the appeal.
Robinson's reliance upon Adams v. Adams, supra, is not well taken. That case required the determination of the sufficiency of the evidence to support a judgment. *Page 836 
The issue here is simply whether there is evidence in the materials before the trial judge showing a genuine issue of material fact under the scintilla rule. Cole v. First NationalBank, 485 So.2d 717 (Ala. 1986). We deny the motion to dismiss the appeal.
 Merits
Plaintiff charges as a first issue that the trial court erroneously entered a default judgment against defendant Shirley. The contention of error is founded upon the fact that such default was entered upon the motion of the other defendant, Robinson.
We are at a loss to determine why the plaintiff complains of a default judgment entered in her favor against a defendant whom she brought into court. We recognize that it is unusual, to say the least, for one defendant to move that a default be entered against another defendant absent a crossclaim. Rule 55(b)(2), A.R.Civ.P., does say that "the party entitled to a default judgment shall apply to the court therefor." However, there appears no reason why the court may not enter a default when it is brought to the attention of the court that the party has failed to appear or plead according to the rules of procedure. Our common experience has been that the courts often enter defaults when trial is called and there has been no appearance by the defaulting party. Usually such entry is made with leave to offer proof of damages or account.
It is to be noted that the default in this case was apparently entered without proof of the material averments of the complaint or without final entry of judgment. It is thus interlocutory in form and substance. There has been no determination of paternity, nor in the event of paternity, of support for the child. An appeal will lie only as to final judgments. Rule 54(b), A.R.Civ.P. See, Chiniche v. Smith,362 So.2d 853 (Ala. 1978). Therefore, we hold that plaintiff may not complain of error in the entry of the default without finality of judgment.
The second issue presented is that the summary judgment in favor of defendant Robinson was improperly entered because there was a material issue of fact presented by the materials stated to have been considered by the trial court. We have previously indicated that the absence from the record of the testimony taken in the prior trial might not be material if there were other materials from which we could decide the issue presented. There remained the pleadings and depositions of the plaintiff and defendant Robinson together with the blood test report and the deposition of the examining technician. Those materials clearly showed the dispute of the basic fact — the paternity of the child. Perhaps the court considered the identity of the father to have been determined by entry of the default against defendant Shirley. If such were the case, we have already shown that not to have been done.
In spite of the multiple blood tests by two alleged fathers, there yet remains for the court or jury to determine the identity of the real father. It has been well said that summary judgment may not substitute for the trial of issues of fact.Polytech, Inc. v. Utah Foam Products, Inc., 477 So.2d 295
(Ala. 1985). On motion for summary judgment the court can determine only whether there are disputed issues of fact to be tried. Ingram v. Ackwell Industries, Inc., 406 So.2d 897
(Ala. 1981).
The summary judgment of the trial court is reversed and the case is remanded for trial. The default judgment against defendant Shirley remains interlocutory.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur. *Page 849