L. CHARLES WRIGHT, Retired Appellate Judge.
The State of Alabama, on behalf of R.S. (mother), filed a complaint for paternity and child support against R.M. in the Juvenile Court of Walker County. The juvenile court entered an order in favor of R.M. The State appealed the order to the Circuit Court of Walker County for a jury trial. The jury returned a verdict finding R.M. to be the father of the child. R.M. appeals.
R.M. raises several issues for our review. We find the dispositive issue to be whether the trial court erroneously excluded evidence offered by R.M. to show that the mother had dated and cohabited with another man (R.H.) during the time of conception.
The pertinent procedural facts are as follows: Subsequent to filing its appeal in the circuit court, the State amended its complaint and added R.H. as a party-defendant. The circuit court ordered R.H. to submit to blood testing. The blood tests excluded R.H. as a possible father. Based upon the blood tests, the State moved to dismiss R.H. as a defendant. R.M. objected to the dismissal. The court granted the State’s motion and dismissed R.H.
During the course of the trial, R.M. attempted to question the mother about her relationship with R.H. Pursuant to the State’s objection, the court ruled that the mother’s relationship with R.H. was not to be brought up again during the trial since R.H. had been excluded by the blood tests and was not a defendant in the case. R.M. objected to the court’s ruling and made the following offer of proof:
“We proffer that the testimony would be in addition to what [R.S.] has already testified that [R.H.] lived with her immediately after she birthed this child; that, she, at least, dated [R.H.] prior to the time that she birthed this child; and even dated and knew, was at least an acquaintance with [R.H.] during the time that she conceived this child. As far as having intercourse with [R.H.] is concerned, we proffer that the evidence would be that [R.H.] dated her, stayed with her from time to time, during the time period of conception, but, as to whether or not she had intercourse we proffer that there's circumstantial evidence to show that they did sleep together, but, of course, [R.S.] would expectedly deny that she had intercourse with [R.H.]
“In light of the Court’s ruling that [R.H.’s] name is not to be mentioned further in this proceeding, we also need to proffer what [R.H.’s] testimony would be. The defense, of course, has subpoenaed him. He is a witness in — he was a party in this case, and since we’re not going to be able to call him as a witness, we would proffer that he would testify that he cohabited with [R.S.] from time to time during the period that this child was conceived, as well.”
R.M. also offered proof as to what another witness would testify to if he were allowed to discuss R.S. and R.H.’s relationship:
“[H]e will testify that he saw [R.S.] and [R.H.] together at various times in November and December at clubs and different places in Cordova and also that they cohabited together for a period of time in November or December of 1985, when the child was conceived.”
R.M. asserts that it was error for the trial court to exclude evidence pertaining to R.S. and R.H.’s relationship.
Presumably the trial court based its decision to prohibit any testimony regarding the alleged relationship on the factual basis that blood tests had excluded R.H. from being the father of the child.
Blood group testing results are probably the most popular form of evidence utilized in paternity actions. Even though such results constitute important evidence, no legal presumption arises therefrom. Ex parte State ex rel. Phillips, 500 So.2d 1131 (Ala.Civ.App.1986); Morgan County Dep’t of Pensions & Security v. Kelso, 460 So.2d 1333 (Ala.Civ.App.1984). If other competent evidence conflicts with the results, then an issue of fact is presented to be determined by the trier of fact. Phillips; Kelso.
*321 R.M.’s proffer of evidence concerning R.S. and R.H.’s dating and cohabitation indubitably created a conflict in the evidence. Such conflict should have been presented to the jury for their resolution,
Rulings as to admissibility of evidence will not be disturbed on appeal in the absence of a gross abuse of discretion. Russellville Flower Craft, Inc. v. Searcy, 452 So.2d 478 (Ala.1984). The evidence concerning the alleged relationship is probative to the defense of the action. The trial court erred in prohibiting such testimony.
This case is reversed and remanded for a new trial.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.