Judy Ann Thompson filed a complaint in the Baldwin County Circuit Court against her employer, Rehabworks of Florida, Inc., and the workers' compensation insurance carrier for the employer, Fireman's Fund Insurance Company, Inc. Thompson alleged that she suffered a back injury in November 1992 and that Fireman's failed, or refused, to pay all of her medical expenses. She sought workers' compensation benefits and punitive damages for Fireman's intentional infliction of emotional distress. Thereafter, the employer and the compensation carrier each filed a motion for a summary judgment. The record indicates that a hearing was set, but there is no indication that the hearing was held. The trial court entered a summary judgment in favor of the employer and the compensation carrier. Thompson filed a Rule 59(e), Ala. R. Civ.P., motion, which the trial court denied without a hearing. *Page 808 
Thompson appeals only the summary judgment entered in favor of the employer. She contends that the summary judgment in favor of the employer was not proper because, she says, the employer (1) failed to file a narrative summary of the undisputed facts in support of its motion for a summary judgment and (2) filed supporting documents only one day before the hearing on its motion for a summary judgment
Rule 56(c)(1), Ala. R. Civ.P., provides:
 "The [summary judgment] motion shall be supported by a narrative summary of what the movant contends to be the undisputed material facts; that narrative summary may be set forth in the motion or may be attached as an exhibit. The narrative summary shall be supported by specific references to pleadings, portions of discovery materials, or affidavits and may include citations to legal authority. Any supporting documents that are not on file shall be attached as exhibits. If the opposing party contends that material facts are in dispute, that party shall file and serve a statement in opposition supported in the same manner as is provided herein for a summary of undisputed material facts."
(Emphasis added.)
The employer did not file a narrative summary of the undisputed facts or a brief in support of its summary judgment motion. Thompson's post-judgment motion properly raised the employer's failure to comply with the mandates of Rule 56(c)(1). Therefore, we conclude that the trial court improperly granted the summary judgment motion in favor of the employer. Moore v. Claim-South,Inc., 628 So.2d 500 (Ala. 1993); Hale v. Union Foundry Co.,673 So.2d 762 (Ala.Civ.App. 1995). Our resolution of Thompson's first issue makes her second issue moot.
Accordingly, we reverse the summary judgment in favor of the employer and remand this cause for further proceedings.
The forgoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
REVERSED AND REMANDED.
All the judges concur.