782 So.2d 274 (2000)
NORTHWEST FLORIDA TRUSS, INC.
v.
BALDWIN COUNTY COMMISSION and Board of School Commissioners of Mobile County.
1981684.
Supreme Court of Alabama.
November 3, 2000.
*275 George R. Irvine III of Stone, Granade & Crosby, P.C., Bay Minette, for appellant.
Robert A. Wills of Wills & Simon, Bay Minette, for appellee Baldwin County Commission.
Robert C. Campbell III and Kathryn W. Petersen of Sintz, Campbell, Duke & Taylor, Mobile, for appellee Board of School Commissioners of Mobile County.
James P. Green and Thomas H. Nolan, Jr., of Brown, Hudgens, P.C., Mobile, for amicus curiae Saad & Cooke Corporation.
BROWN, Justice.
Northwest Florida Truss, Inc. ("NFT"), appeals from a summary judgment entered in favor of third-party defendants the Board of School Commissioners of Mobile County ("the Board") and the Baldwin County Commission ("BCC"). We reverse and remand.
This case arises from two separate public-works contracts awarded to Saad & Cooke Corporation ("S & C"), for which NFT contracted to provide metal truss work. The "Semmes II" project involved the construction of an elementary school, while the "Foley" project involved renovation of the Foley Satellite Courthouse.
As is the practice in contracts like these, S & C was designated as a purchasing agent on behalf of the Board and the BCC and was given purchase orders to use for the purchase of materials for the projects. At various times throughout the construction process, S & C submitted requests and received payment for its work on these projects. Included in these payments were payments for the materials purchased to complete the respective projects. However, S & C did not pay NFT for the materials it provided in either project. S & C contended that NFT did not provide conforming goods in a timely manner, and, therefore, refused to pay NFT the amount requested.
On October 2, 1997, S & C filed a declaratory-judgment action against NFT in the Mobile Circuit Court, seeking a determination of the amount due and owing to NFT and the validity of back charges, offsets, and claims against S & C. After S & C amended its complaint, NFT filed its answer, a third-party complaint, and a counterclaim, on April 7, 1998, adding the Board and the BCC as third-party defendants. The Board answered the third-party complaint, denying all the allegations therein. The BCC answered the third-party complaint, admitting that a purchase order was issued to NFT through BCC vendor S & C; however, it denied all the remaining allegations and alleged that it had paid S & C all amounts due and owing.
*276 Thereafter, NFT moved for a summary judgment against the Board and the BCC. Although the Board denied that any contract existed between it and NFT, it contended that even if the trial court determined that a contract did exist, the contract was void under the Alabama bid law. The BCC filed no response to NFT's motion for summary judgment. At oral argument on NFT's motion, the court ordered additional briefing on the bid-law issue. Following additional briefing and argument, the trial court stated that it was inclined to dismiss NFT's claims based on the bid-law defense, but that it would not do so until the Board or the BCC had filed a motion for summary judgment or a motion to dismiss. Heeding the judge's suggestion, the Board and the BCC filed identical motions for summary judgment that were signed by counsel for S & C on behalf of counsel for both entities. Neither motion contained a narrative summary of undisputed facts. NFT filed a brief in opposition to the motions, supported by the affidavit of an NFT representative. However, the trial court granted the motions of the Board and the BCC.
Following the entry of a judgment on the third-party complaint, S & C made an offer of judgment for the amount owing on the Foley project, which NFT accepted. A satisfaction of judgment was filed in the Mobile Circuit Court, indicating that the judgment had been paid by S & C and was canceled and satisfied. S & C also filed an offer of judgment for the amount owing on the Semmes II project, which is still pending.
We review a summary judgment de novo. Alabama Ins. Guar. Ass'n v. Southern Alloy Corp., 782 So.2d 203 (Ala. 2000). We apply the same standard of review as the trial court in determining whether the evidence presented to the trial court demonstrated the existence of a genuine issue of material fact. Jefferson County Comm'n v. ECO Preservation Servs., L.L.C., [Ms. 1990736, Aug. 18, 2000] ___ So.2d ___ (Ala.2000) (quoting Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988)). A summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c)(3), Ala.R.Civ.P. See Ex parte General Motors Corp., 769 So.2d 903 (Ala.1999), and Lawson State Comm. College v. First Continental Leasing Corp., 529 So.2d 926 (Ala.1988). However, a party moving for a summary judgment always bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that it argues demonstrate the absence of a genuine issue of material fact. Id.
The motions filed by the Board and the BCC were identical. The motions stated:
The Third Party Defendant ... moves this Court to enter a Summary Judgment in its favor on the Third Party Complaint of Northwest Florida Truss, Inc. As grounds for this Motion the Third Party Defendant asserts that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. This motion is based upon the previous filings and briefings made in connection with the Motion for Summary Judgment heretofore filed by Northwest Florida Truss, Inc.
Rule 56(c)(1), Ala.R.Civ.P., requires that a motion for summary judgment "be supported by a narrative summary of what the movant contends to be the undisputed *277 material facts." Although it may be included in the motion or may be separately attached as an exhibit, the rule clearly requires that a narrative summary be included with any motion for summary judgment. The narrative summary must include specific references to pleadings, portions of discovery materials, or affidavits for the court to rely on in determining whether a genuine issue of material fact exists.
A summary judgment is not proper if the movant has not complied with the requirements of Rule 56. Moore v. ClaimSouth, Inc., 628 So.2d 500 (Ala.1993); see also Thompson v. Rehabworks of Florida, Inc., 727 So.2d 807 (Ala.Civ.App.1997), Hale v. Union Foundry Co., 673 So.2d 762 (Ala.Civ.App.1995). While the Rule provides that a movant may base its motion upon the pleadings and other documents on file with the court, it does not allow a party to file a simplistic motion devoid of a narrative summary and specific references to those portions of the record demonstrating that no genuine issue of material fact exists. Therefore, the summary judgment entered in this case was improper.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, HOUSTON, SEE, JOHNSTONE, and ENGLAND, JJ., concur.
LYONS, J., dissents.
LYONS, Justice (dissenting).
The summary-judgment motions at issue in this case were filed by the Board and the BCC after extensive briefing had already taken place in connection with a motion for summary judgment filed by NFT. NFT had submitted an extensive narrative summary in support of its motion for summary judgment, and the Board had submitted its own factual statement in its opposition to NFT's motion. As the majority notes, the motions for summary judgment filed by the Board and the BCC each specifically stated that it was "based upon the previous filings and briefings made in connection with the Motion for Summary Judgment heretofore filed by [NFT]." 782 So.2d 276. In light of the fact that NFT and the Board had already filed what I consider to be adequate narrative summaries, I consider the Board and the BCC's adoption of the documents previously filed "in connection with" NFT's motion for summary judgment to be sufficient compliance with Rule 56(c). See International Fidelity Ins. Co. v. Gilliam, 659 So.2d 24 (Ala.1995); Barlow v. Piggly Wiggly Dixieland, Inc., 680 So.2d 297 (Ala. Civ.App.1996). I would consider the merits of NFT's appeal.