THOMPSON, Judge.
On March 23, 1999, Junior Morgan filed a complaint against Chris Tucker, alleging that Tucker was wrongfully in possession of a 1966 Ford Mustang convertible automobile (hereinafter “the vehicle”) owned by Morgan; in that same petition, Morgan also sought a summary judgment.[1] On April 9,1999, Tucker filed an answer denying all the material allegations of Morgan’s complaint and asserting that he was a bona fide purchaser for value of the vehicle. In his answer, Tucker also asserted the affirmative defenses of laches and unclean hands.
On June 14, 1999, Morgan amended his complaint to add another party to the action.[2] On July 11, 1999, Tucker filed an answer to Morgan’s amended complaint, asserting as a counterclaim unjust enrichment. Tucker also filed a response to Morgan’s summary-judgment motion. On October 5, 1999, Tucker filed a motion for a summary judgment, to which Morgan responded on November 4,1999.
Morgan’s March 23, 1999, complaint and summary-judgment motion were signed by both an Alabama and a Mississippi attorney. Several other pleadings and motions were filed in the action; however, those were signed by only the Mississippi attorney. On March 6, 2001, Tucker filed a motion seeking to strike all of Morgan’s pleadings and motions with the exception of the initial complaint and summary-judgment motion because, Tucker asserted, those pleadings and motions were filed and signed by a Mississippi attorney who was not licensed to practice law in Alabama. The trial court denied Tucker’s motion. On that same date, Tucker filed a response to Morgan’s summary-judgment motion asserting that Morgan’s summary-judgment motion failed to comply with Rule 56, Ala. R. Civ. P. On May 8, 2000, the Mississippi attorney filed a motion with the trial court to practice in Alabama pro hac vice. The trial court purported to grant that motion on June 7, 2000.
On April 27, 2001, the trial court entered an order granting Morgan’s summary-judgment motion and denying Tucker’s summary-judgment motion. On April 30, 2001, the trial court modified its April 27, 2001, order, finding in favor of Tucker on his unjust-enrichment counterclaim and reserving jurisdiction to determine the amount of the damages award. The trial court certified its order regarding the parties’ summary-judgment motions as final pursuant • to Rule 54(b), Ala. R. Civ. P. Tucker filed a motion to alter, amend, or vacate the trial court’s judgment; that motion was denied by operation of law. Tucker appealed to the Supreme Court of Alabama. The Supreme Court of Alabama transferred the action to this court pursuant to § 12-2-7(6), Ala.Code 1975.
A brief recitation of the facts is all that is necessary for the disposition of this appeal. The record indicates that in 1996, Morgan, a resident of Mississippi, owned a 1966 Ford Mustang convertible automobile. Morgan asserts that in August 1996, he allowed Jim Chambers to take the vehicle to Alabama to have it cleaned and to determine whether Chambers was interested in purchasing the vehicle. Morgan gave Chambers a signed bill of sale for the vehicle; however,' Morgan asserts that none of the terms of the bill of sale were *70 completed and that, other than the line for his signature, none of the blanks on the bill of sale had been completed. Chambers did not return the vehicle to Morgan, and Morgan asserts that he was unable to locate Chambers or the vehicle. The record indicates that, on September 10, 1996, Chambers sold the vehicle to Tucker and that at the time Morgan filed his March 23, 1999, complaint, Tucker was in possession of the vehicle.[3]
On appeal, Tucker asserts that the trial court erred in failing to strike all of Morgan’s pleadings and motions signed by an attorney not licensed to practice law in Alabama, and who had not properly sought permission to practice in front of an Alabama court. Pursuant to Rule VII(A), Rules Governing Admission to the Alabama State Bar, an attorney may appear as counsel pro hac vice upon compliance with Rule VII. Rule VII(D), Rules Governing Admission to the Alabama State Bar, states that an attorney
“shall file with the court or agency where the cause is pending a verified application for admission to practice' (a form for such an application follows this rule), together with proof of service by mail, in accordance with the Alabama Rules of Civil Procedure, of a copy of the application and of the notice of hearing upon the Alabama State Bar at its Montgomery, Alabama, office.... The copy of the application and the notice of hearing served upon the Alabama State Bar shall be accompanied by a nonrefundable $100 filing fee. The notice of hearing shall be given at least 21 days before the time designated for the hearing, unless the court or agency has prescribed a shorter period....
“Upon receipt of any application for admission, the Alabama State Bar shall file with the court or agency and serve upon all counsel of record, or upon any parties not represented by counsel, and upon the applicant, before the scheduled hearing date, a statement indicating whether the applicant or other attorney members of the firm with which he or she is associated have previously made any application for admission, the date of such application, and whether it was granted. No application shall be granted before this statement of the Alabama State Bar has been filed with the court or agency. Once this statement is received, the court or administrative agency shall issue an order granting or denying the application.”
(Emphasis added.)
An application to practice in Alabama pro hac vice must be “on a form approved by the Alabama State Bar and the Supreme Court.” Rule VII(E), Rules Governing Admission to the Alabama State Bar. Further, Rule VII(J), Rules Governing Admission to the Alabama State Bar, states:
“No court clerk or filing officer of any administrative agency of this state shall accept for filing any pleadings or other documents from a foreign attorney who has not complied with the requirements of this rule. Any pleadings or other documents filed in violation hereof shall be stricken from the record upon the motion of any party or by the court or administrative agency sua sponte.
[[Image here]]
“... Violation of this rule is deemed to be the unlawful practice of law.”
*71 When a foreign attorney fails to comply with the mandatory language of Rule VII, the pleadings and other documents filed by that attorney are a “nullity.” Black v. Baptist Med. Ctr., 575 So.2d 1087, 1088 (Ala.1991).
Morgan’s March 23, 1999, complaint and summary-judgment motion are signed by an attorney licensed to practice law in Alabama. The remainder of Morgan’s pleadings are signed by only Morgan’s Mississippi attorney. The record indicates that Morgan’s Mississippi attorney did not comply with Rule VII. Thus, we conclude that the trial court erred in failing to strike Morgan’s pleadings and motions filed after his initial complaint and summary-judgment motion. For purposes of this appeal, we will consider only Morgan’s initial complaint and the summary-judgment motion, which were properly filed.
Tucker also asserts that the trial court erred in entering a summary judgment in favor of Morgan because, he argues, Morgan’s summary-judgment motion fails to set out a summary of undisputed facts as required by Rule 56, Ala. R. Civ. P.
“A summary judgment is proper where ‘the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.’ Rule 56(c)(3), Ala. R. Civ. P. See Ex parte General Motors Corp., 769 So.2d 903 (Ala.1999), and Lawson State Comm. College v. First Continental Leasing Corp., 529 So.2d 926 (Ala.1988). However, a party moving for a summary judgment always bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that it argues demonstrate the absence of a genuine issue of material fact. Id.
[[Image here]]
“Rule 56(c)(1), Ala. R. Civ. P., requires that a motion for summary judgment ‘be supported by a narrative summary of what the movant contends to be the undisputed material facts.’ Although it may be included in the motion or may be separately attached as an exhibit, the rule clearly requires that a narrative summary be included with any motion for summary judgment. The narrative summary must include specific references to pleadings, portions of discovery materials, or affidavits for the court to rely on in determining whether a genuine issue of material fact exists.
“A summary judgment is not proper if the movant has not complied with the requirements of Rule 56. Moore v. ClaimSouth, Inc., 628 So.2d 500 (Ala.1993); see also Thompson v. Rehabworks of Florida, Inc., 727 So.2d 807 (Ala.Civ.App.1997), Hale v. Union Foundry Co., 673 So.2d 762 (Ala.Civ.App.1995).”
Northwest Florida Truss, Inc. v. Baldwin County Comm’n, 782 So.2d 274, 276-77 (Ala.2000).
Morgan’s initial complaint states that that pleading is also a motion for a summary judgment. Morgan attached his affidavit and a copy of the vehicle’s certificate of title to the initial complaint and summary-judgment motion. Morgan’s complaint, however, does not contain a narrative summary of undisputed facts with specific references to pleadings, materials, or affidavits that the trial court could have relied on in determining whether genuine issues of material fact existed, nor did Morgan attach as an exhibit a narrative summary of undisputed facts. We conclude that Morgan failed to meet his initial burden of proof because his *72 summary-judgment motion failed to comply with the requirements of Rule 56(c)(1). See Northwest Florida Truss, Inc. v. Baldwin County Comm’n, supra. See also Moore v. ClaimSouth, Inc., 628 So.2d 500 (Ala.1993); Thompson v. Rehabworks of Florida, Inc., 727 So.2d 807 (Ala.Civ.App.1998).
Further, Morgan’s initial complaint purports to be both a complaint and a motion for a summary judgment. Pursuant to Rule 56(a), Ala. R. Civ. P., a plaintiffs motion for a summary judgment may not be filed until 30 days after the plaintiffs initial pleading. Therefore, we conclude that Morgan’s summary-judgment motion was premature. See Rule 56(a), Ala. R. Civ. P. Thus, we conclude that the trial court erred in entering a summary judgment in favor of Morgan. See Northwest Florida Truss, Inc. v. Baldwin County Comm’n, supra.
The summary judgment in favor of Morgan is reversed, and the cause is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
YATES, P.J., and PITTMAN and MURDOCK, JJ., concur.
CRAWLEY, J., concurs in the result.

. Morgan’s initial pleading is titled ‘'Complaint in Replevin and Motion for Summary Judgment.”

. On January 25, 2000, the trial court entered an order dismissing that party; that party is not before this court on appeal.

. Tucker asserts that Chambers showed him the bill of sale from Morgan and that at that time the bill of sale was completed.