Joseph Borom, Elmer Lee Collins, and Eula Williams (hereinafter collectively referred to as "Borom") appeal from a summary judgment for Carrie L. Thaggard; Carrie L. Thaggard, as executrix of the estate of T.L. Thaggard, deceased; Carrie L. Thaggard, as trustee under the will of T.L. Thaggard, deceased; Timothy L. Thaggard; Chris L. Thaggard; and Thomas L. Thaggard, Jr. (hereinafter collectively referred to as "Thaggard"), in Borom's *Page 332 
action against Thaggard seeking to redeem land sold at a tax sale for failure to pay ad valorem taxes. We reverse and remand.
The minimum requirements for a motion for a summary judgment were summarized in Northwest Florida Truss, Inc. v. BaldwinCounty Commission, 782 So.2d 274, 276-77 (Ala. 2000):
 "We review a summary judgment de novo. Alabama Ins. Guar. Ass'n v. Southern Alloy Corp., 782 So.2d 203
(Ala. 2000). We apply the same standard of review as the trial court in determining whether the evidence presented to the trial court demonstrated the existence of a genuine issue of material fact. Jefferson County Comm'n v. ECO Preservation Servs., L.L.C., 788 So.2d 121, 126 (Ala. 2000) (quoting Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala. 1988)). A summary judgment is proper where `the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' Rule 56(c)(3), Ala. R. Civ. P. See Ex parte General Motors Corp., 769 So.2d 903 (Ala. 1999), and Lawson State Comm. College v. First Continental Leasing Corp., 529 So.2d 926 (Ala. 1988). However, a party moving for a summary judgment always bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that it argues demonstrate the absence of a genuine issue of material fact. Id.
". . . .
 "Rule 56(c)(1), Ala. R. Civ. P., requires that a motion for summary judgment `be supported by a narrative summary of what the movant contends to be the undisputed material facts.' Although it may be included in the motion or may be separately attached as an exhibit, the rule clearly requires that a narrative summary be included with any motion for summary judgment. The narrative summary must include specific references to pleadings, portions of discovery materials, or affidavits for the court to rely on in determining whether a genuine issue of material fact exists.
 "A summary judgment is not proper if the movant has not complied with the requirements of Rule 56. Moore v. ClaimSouth, Inc., 628 So.2d 500 (Ala. 1993); see also Thompson v. Rehabworks of Florida, Inc., 727 So.2d 807 (Ala.Civ.App. 1997), Hale v. Union Foundry Co., 673 So.2d 762 (Ala.Civ.App. 1995). While the Rule provides that a movant may base its motion upon the pleadings and other documents on file with the court, it does not allow a party to file a simplistic motion devoid of a narrative summary and specific references to those portions of the record demonstrating that no genuine issue of material fact exists."
(Emphasis added.) See also Singleton v. Alabama Dep't ofCorrections, 819 So.2d 596, 600 (Ala. 2001) ("an entry of a summary judgment for the defendants would not be proper until they have complied with the requirement of [Rule 56, Ala. R. Civ. P.,] that they submit a narrative summary of what they contend to be the undisputed material facts").
As Borom argues, and Thaggard admits, Thaggard's summary-judgment motion was filed "with no supporting documentation or affidavits of any kind." Borom's brief, at 9. The motion did not contain anything resembling a narrative summary of what Thaggard contended to be the undisputed material facts. Indeed, the motion was nothing more than "a simplistic *Page 333 
motion devoid of a narrative summary and specific references to those portions of the record demonstrating that no genuine issue of material fact exists." 782 So.2d at 277. Therefore, the trial court erred in entering a summary judgment for Thaggard, who had not complied with requirements of Rule 56, Ala. R. Civ. P.
Thaggard argues that the trial court, in considering the motion for a summary judgment, was acting "as the finder of fact." Thaggard's brief, at 4, 7. Indeed, Thaggard argues that "[t]he trial court sitting as the trier of fact in this case weighed all the evidence, even though no affidavits were filed by" Thaggard, and that the trial "court sitting as the jury in this case found sufficient evidence to" support Thaggard's contentions. Thaggard's brief, at 6. However, "[i]t has been well said that summary judgment may not substitute for the trial of issues of fact." State v. Robinson, 510 So.2d 834, 836 (Ala.Civ.App. 1987) (citing Polytec, Inc. v. Utah Foam Prods., Inc.,477 So.2d 295 (Ala. 1985)). In other words, "on a motion for summary judgment, the trial court cannot try issues of fact; it can only decide if there are issues which should go to a jury." Barrettv. Farmers Merchants Bank of Piedmont, 451 So.2d 257, 263
(Ala. 1984) (citations omitted).
For the foregoing reasons, the judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
NABERS, C.J., and LYONS, SMITH, and PARKER, JJ., concur.