PER CURIAM.
Howard Ross, the plaintiff in this unlawful-detainer action, appeals a judgment dismissing, with prejudice, his claims for unpaid rent against his former tenants, the defendants Barbara Blackburn and Beatrice Blackburn.
On September 4, 2004, Ross rented a house to the Blackburns, and the Black-burns agreed to pay Ross rent in the amount' of $395 per month. On December 21, 2004, Ross brought an unlawful-detain-er action against the Blackburns in the Madison District Court. Ross sought not only possession of the house but also unpaid rent. Answering the complaint, the Blackburns alleged that they had paid all rent owed except for $200 of the $395 due for December. They further alleged that the roof of the house had a hole in it, which allowed rain to fall inside the house, and that Ross was seeking to evict them only because he wanted to avoid the expense of putting a new roof on the house. They also alleged that the house was infested with rats and lacked a functioning heater. Following a bench trial, the district-court judge, on January 12, 2005, entered a judgment in favor of the Black-burns.
On January 14, 2005, Ross appealed to the Madison Circuit Court and requested a bench trial. On January 21, 2005, Ross moved for a summary judgment on both his claim for possession of the house and his claim for unpaid rent. Ross sought $1,090 in unpaid rent and late charges. In support of his summary-judgment motion, Ross submitted his affidavit, which, in pertinent part, stated:
“2. Howard Ross entered into a lease agreement with Barbara Blackburn and Beatrice Blackburn on Sept. 4, 2004 for monthly rental of the property of $395.00 with 10% late fees for rent more than 10 days delinquent, and a $395.00 deposit. The lease contained a clause terminating the lease for failure to pay rent with no further notice required.... “3. Barbara Blackburn and Beatrice Blackburn paid $395.00 deposit and $395.00 September rent. They paid $395.00 October rent. They were given a $45.00 credit on their November rent for lighting their pilot light by Huntsville Utilities. A $150.00 check from Catholic Concern was also credited on their November rent.
“4. On December 6, 2004 Howard Ross served upon Barbara Blackburn at her residence a notice demanding possession of the property due to violation of the lease, according to section 6-6-310, Code of Alabama, 1975.... Howard *439 Ross has not received any payments from the defendants or anyone on their behalf since the service of the notice.” Ross did not submit a narrative sum-
mary of undisputed material facts as required by Rule 56(c)(1), Ala. R. Civ. P.[1] Following a hearing regarding the summary-judgment motion, the trial court entered the following judgment on February 25, 2005:
“On February 17, 2005, both parties to the action for unlawful detainer appeared to be heard on [Ross’s] Motion for Summary Judgment and Expedited Hearing. The Court finds that [Ross’s] action for unlawful detainer has been rendered moot by [the Blackburns’] vacating of the premises. After further consideration of the pleadings, evidentia-ry submissions, and oral argument, the court finds that [Ross’s] Motion for Summary Judgment as to the issue of rent is due to be denied for failure to comport with the requirements of Rule 56 of the Alabama Rules of Civil Procedure, which requires the party moving for summary judgment to support their motion with a narrative summary of undisputed facts. This action is dismissed with prejudice. Costs are taxed as paid.”
(Emphasis added.)
On March 21, 2005, Ross filed a motion titled “Motion [pursuant to Ala. R. Civ. P.] 59 for Trial,” in which he alleged:
“Howard Ross moves this court by Ala. Rule [of Civil] Procedure] 59 to set aside and open the judgment in this case and order a trial[-]court trial in this case so that he may present witnesses and evidence for his cause. As grounds[,] he claims that the summary judgment was partial and did not fully adjudicate his claims and there is a controversy over whether he is due rent[.] [H]e is entitled to a trial and cites Robert G. Donald v. City National Bank of Dothan, 329 So.2d 92 (Ala.1976) [, which is] attached.”
The trial court held a hearing regarding Ross’s Rule 59 motion on April 28, 2005; however, Ross did not appear at the hearing. On May 11, 2005, the trial court entered the following order:
“This matter was submitted to the Court on the Motion to Alter, Amend, or Vacate the Court’s previous denial of [Ross’s] Motion for Summary Judgment, and the Court’s dismissal of the Complaint for failure to comply ivith the Alabama Rules of Civil Procedure. [Ross] failed to appear for a hearing on this matter scheduled for April 28, 2005. The Court orders that the motion is due to be and hereby is DENIED.”
(Emphasis added.) Ross timely appealed the judgment in favor of the Blackburns.
On appeal, Ross argues that he was entitled to a trial regarding his claim for unpaid rent. We agree. Although a mov-ant’s failure to support his summary-judgment motion with a Rule 56(c)(1) narrative summary of undisputed material facts can lead to the denial of his summary-judgment motion, Northwest Florida Truss, Inc. v. Baldwin County Commission, 782 So.2d 274 (Ala.2000), it does not warrant a Rule 41(b), Ala. R. Civ. P., dismissal of the movant’s claim. Cf. Weatherly v. Baptist Med. Ctr., 392 So.2d 832 (Ala.1981) (holding that, without a record of willful refusal to comply with court orders, a record of *440 failure to answer interrogatories did not justify a dismissal with prejudice). Thus, although the trial court properly denied Ross’s summary-judgment motion because it was not accompanied by a Rule 56(c)(1) narrative summary of undisputed material facts, it erred in dismissing his claim for unpaid rent. Therefore, we reverse the judgment dismissing Ross’s claim for unpaid rent and remand the case to the trial court for further proceedings.
REVERSED AND REMANDED.
THOMPSON and PITTMAN, JJ„ concur.
MURDOCK, J., concurs specially, with writing, which CRAWLEY, P.J., joins.
BRYAN, J., dissents, with writing.

. In pertinent part, Rule 56(c)(1) states:
"The motion [for a summary judgment] shall be supported by a narrative summary of what the movant contends to be the undisputed material facts; that narrative summary may be set forth in the motion or may be attached as an exhibit. The narrative summary shall be supported by specific references to pleadings, portions of discovery materials, or affidavits and may include citations to legal authority."