MURDOCK, Judge,
concurring specially.
The case upon which the per curiam opinion primarily relies is Northwest Florida Truss, Inc. v. Baldwin County Commission, 782 So.2d 274 (Ala.2000). Justice Lyons’s dissenting opinion in that case made a good argument that the requirements of Rule 56(c)(1), Ala. R. Civ. P., had been satisfied. 782 So.2d at 277 (Lyons, J., dissenting). A majority of the Supreme Court did not accept Justice Lyons’s analysis, however, and this court is, of course, bound by the resulting precedent.
I also note that the plaintiff in the present case does not argue that the motion and affidavit he filed were distinguishable from the motions at issue in Northwest Florida Truss and should be deemed to have satisfied the requirements of Rule 56(c)(1). For purposes of this appeal, therefore, the plaintiff has conceded noncompliance with that rule. As a result, the only question presented to this court is what was the proper consequence of that noncompliance.
I agree with the main opinion that, while a summary-judgment movant’s failure to comply with Rule 56(c)(1) may justify the trial court in denying that party’s summary-judgment motion, it does not provide a basis for the trial court to go the step further of entering a summary judgment against the movant.
CRAWLEY, P.J., concurs.