Wendy K. Stokes, the plaintiff in a personal-injury action against Ligaya Renee Ferguson and Allstate Insurance Company, appeals from a summary judgment in favor of Ferguson, arguing that the trial court erred in holding that her claim was barred by § 32-1-2, Ala. Code 1975, also known as the guest statute. We reverse and remand.
 I.
On April 11, 2002, Stokes was a passenger in a car driven by Ferguson when the car was involved in one-car accident while traveling on East Meighan Boulevard[2] in Etowah County. Stokes was injured in the accident, and, on May 15, 2003, she sued Ferguson alleging that the accident was the result of Ferguson's negligence and/or wantonness. Stokes also named as a defendant Allstate Insurance Company, alleging that she was covered by a policy issued by Allstate that included uninsured and underinsured-motorist coverage and that Ferguson was an uninsured or under-insured motorist.
On February 11, 2004, Ferguson moved for a summary judgment, arguing that no genuine issue of material fact existed because Stokes was a guest in Ferguson's car at the time of the accident and her claims were accordingly covered by Alabama's guest statute, § 32-1-2, Ala. Code 1975. Section 32-1-2 provides:
 "The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the willful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle."
Ferguson further argued that Stokes had failed to present substantial evidence indicating that Ferguson's actions at the time of the accident were sufficiently willful and wanton so as to remove her from the scope of § 32-1-2.
Stokes filed a motion in opposition to Ferguson's summary-judgment motion, arguing that the facts of the case rendered § 32-1-2 inapplicable and that, even if §32-1-2 were applicable, Ferguson's actions leading to the accident were willful and wanton. On August 20, 2004, the trial court entered a summary judgment in Ferguson's favor.[3] Stokes appeals.
 II. "This Court's review of a summary judgment is de novo. Williams v. *Page 357 State Farm Mut. Auto. Ins. Co., 886 So.2d 72, 74 (Ala. 2003). We apply the same standard of review as the trial court applied. Specifically, we must determine whether the movant has made a prima facie showing that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Blue Cross Blue Shield of Alabama v. Hodurski 899 So.2d 949, 952-53 (Ala. 2004). In making such a determination, we must review the evidence in the light most favorable to the nonmovant. Wilson v. Brown, 496 So.2d 756, 758
(Ala. 1986). Once the movant makes a prima facie showing that there is no genuine issue of material fact, the burden then shifts to the nonmovant to produce `substantial evidence' as to the existence of a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989); Ala. Code 1975, § 12-21-12. `[Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' West v. Founders Life Assur. Co. of Flo., 547 So.2d 870, 871 (Ala. 1989)."
Dow v. Alabama Democratic Party, 897 So.2d 1035,1038-39 (Ala. 2004). Accordingly, this Court must first determine whether Ferguson has made a prima facie showing that no genuine issue of material fact exists and that she is entitled to a judgment as a matter of law, i.e., that Stokes was a "guest" in Ferguson's car within the meaning of § 32-1-2 when the accident occurred. We conclude that no such prima facie showing was made.
In their briefs to this Court, both parties note that the other's motion to the trial court regarding summary judgment was wholly unsupported by any affidavits, interrogatories, depositions, or evidentiary material of any kind. Ferguson's summary-judgment motion consisted only of a memorandum summary of the facts unsupported by any evidence in the record and a legal argument. Stokes's motion opposing summary judgment similarly consisted of a statement of facts and accompanying legal argument unsupported by any evidentiary material.[4]
In Borom v. Thaggard, 926 So.2d 331 (Ala. 2005), this Court considered a similar appeal in which a summary judgment had been entered for a defendant in spite of the fact that the defendant's summary-judgment motion had been filed "with no supporting documentation or affidavits of any kind."926 So.2d at 332. In reversing the summary judgment, this Court stated:
 "The minimum requirements for a motion for a summary judgment were summarized in Northwest Florida Truss, Inc. v. Baldwin County Commission, 782 So.2d 274, 276-77 (Ala. 2000):
 ". . . .
 "`Rule 56(c)(1), Ala. R. Civ. P., requires that a motion for summary judgment "be supported by a narrative summary of what the movant contends to be the undisputed material facts." Although it may be included in the motion or may be separately attached as an exhibit, the rule clearly *Page 358 
requires that a narrative summary be included with any motion for summary judgment. The narrative summary must include specific references to pleadings, portions of discovery materials, or affidavits for the court to rely on in determining whether a genuine issue of material fact exists.
 "`A summary judgment is not proper if the movant has not complied with the requirements of Rule 56. Moore v. ClaimSouth, Inc., 628 So.2d 500
(Ala. 1993); see also Thompson v. Rehabworks of Florida, Inc., 727 So.2d 807 (Ala.Civ.App. 1997), Hale v. Union Foundry Co., 673 So.2d 762
(Ala.Civ.App. 1995). While the Rule provides that a movant may base its motion upon the pleadings and other documents on file with the court, it does not allow a party to file a simplistic motion devoid of a narrative summary and specific references to those portions of the record demonstrating that no genuine issue of material fact exists.'"
Id. at 332 (emphasis omitted).
Ferguson's motion for a summary judgment differed from the summary-judgment motion in Borom inasmuch as it did include a narrative summary of the facts; however, it similarly failed to comply with the mandate of Rule 56(c)(1) that the narrative summary "be supported by specific references to pleadings, portions of discovery materials, or affidavits. . . ." For that reason, as in Borom, the summary judgment is due to be reversed.
 III.
Because Ferguson's motion for a summary judgment did not comply with Rule 56, the trial court erred in entering a summary judgment in her favor. Accordingly, the judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
WOODALL, SMITH, and PARKER, JJ., concur.
LYONS, J., concurs specially.
[2] The parties refer to the street name as East Meishan Boulevard and East Meirham Boulevard.
[3] The trial court's August 20 order stated only that it was granting Ferguson's motion for a summary judgment; it did not contain a discussion of the facts and relevant law. However, in July 2005, this Court remanded the case to the trial court for a Rule 54(b), Ala. R. Civ. P., certification because Stokes's claim against Allstate was still outstanding, and the summary judgment against Ferguson was accordingly nonfinal and unappealable. On remand, the trial court entered a new order explaining its rationale and certifying the judgment as final pursuant to Rule 54(b).
[4] Stokes did cite her own deposition testimony, but that testimony was not attached to her motion and is nowhere to be found in the record. Stokes has attached her deposition and other evidence to her brief on appeal; however, because those pieces of evidence are not part of the official record we may not consider them now. See Ex parte American Res. Ins.Co., 663 So.2d 932, 936 (Ala. 1995) ("This Court is bound by the record, and it cannot consider a statement or evidence in a party's brief that was not before the trial court.").