I concur, notwithstanding that Stokes failed to interpose any objection in the trial court to the absence of properly verified evidence to support Ferguson's motion for a summary judgment. Our cases on this issue have not addressed the issue in the context of the necessity of an objection. See,e.g., Borom v. Thaggard, 926 So.2d 331 (Ala. 2005). In that respect, our rule is similar to the rule expressed inPeerenboom v. HSP Foods, Inc., 910 S.W.2d 156, 160
(Tex.App. 1995), as follows:
 "The resolution of this argument [whether a ruling on an objection in the trial court is necessary to assert error on appeal] depends on the type of defect at issue. A defect in substance, such as the absence of proper authentication, cannot be waived by failing to object or obtain a written order. Kotzur [v. Kelly], 791 S.W.2d [254] at 256 [(Tex.App. 1990)]. `This objection may be raised for the first time on appeal because an un-sworn statement is not an affidavit and, therefore, not competent summary judgment proof.' Id."
(Emphasis added.)
I would not apply the rule excusing the necessity for an objection beyond the facts of this case. *Page 359